### MINARD *vs.* BENJAMIN MEAD.

Authority by a husband to his wife to *give notes*, will not subject the husband
to the payment of a note given by the wife, *in her own name*, without refer-
ence in the body of the note, or in the signature, to the husband : A note, to
be binding in such case, must purport on its face to have been given by the
wife, as the agent, or on the behalf of the husband.

Evidence of admission by a party that he authorized another to give a note to
a *third person* for a *specified sum*, does not warrant the reading in evidence
of a note corresponding with the note thus authorized to be made, without
proof of its having been duly made.

ERROR from the Tioga common pleas. Mead sued Minard
in a justice's court, and the cause was brought into the Tioga
common pleas by appeal. The justice returned that the plain-
tiff *declared* on a special contract by defendant to pay him
$50, and added thereto the common counts ; and that the de-
fendan *pleaded* the general issue, and that if any contract was
made, it was by the wife of the defendant, and was made with
E. Buckbee, and not with the plaintiff. On the trial in the
common pleas a promissory note was produced for $50,
signed by *Dorcas Mead*, payable to Elijah Buckbee or bearer.
The hand-writing of a subscribing witness to the note was
proved, without the absence of the witness being accounted
for ; and a witness called by the plaintiff testified that she
had heard the defendant say that he had told his wife she might
make a bargain with Elijah Buckbee for a piece of land, and
*give notes* for the purchase money ; and that she had brought
it, and given two notes of fifty dollars each ; that he then lived
on the land that his wife purchased of Buckbee ; that he had
paid one of the notes, and had expected to pay the other, but
was advised by counsel that he was not obliged to pay it, and
that he therefore should not pay it, the notes were not present
at the time, and she never saw the note in question until she saw
it in the hands of the plaintiff's attorney. The note was read
in evidence to the jury, the defendant objecting. The plaintiff
having rested, the defendant moved for a nonsuit, which was
denied, and the jury, under the charge of the court, found for
the plaintiff, who entered the judgment upon the verdict. The
defendant sued out a writ of error.

*Platt & Sweet*, for plaintiff in error.

*Farrington*, for defendant in error.

*By the Court,* SUTHERLAND, J. The execution of the note which was the foundation of the plaintiff's recovery, I think was not, under the crcumstances of the case, sufficiently proved. Proof of the hand-writing of the subscribing witness was nothing, without shewing that the witness himself could not be produced. No account whatever was given of the subscribing witness; the proof of the note, therefore, rests entirely upon the evidence of the defendant's admission of it. This evidence shows that the defendant's wife was authorised to give, and had given two notes to Buckbee, but it does not identify the note in question as one of those notes, as was said by the court in *Shower* v. *Ehle*, 16 Johns. R. 202. The note produced may have been a forgery, and the genuine note still outstanding, which the defendant may hereafter be compelled to pay. The admission is not more definite that in *Shower* v. *Ehle.* It is true the amount of the note was mentioned in this case, but then the admission must be construed to mean that the note was to be given for the defendant, and in his name. The note produced was not in the defendant's name, but in the name of his wife, her name alone being subscribed to it, and without purporting to be given for, or by the authority of the defendant. The question as to the identity of the note o ught at least to have been submitted to the jury. 2 Johns. R. 452. 13 id. 75.

But admitting the note to have been duly proved, I do not see how the plaintiff can recover upon it, under the pleadings and evidence in this case. If it is to be considered a special contract, and *not a negotiable promissory note,* then the action should have been in the name of Buckbee, to whom it was given. But whether a special contract, or a promissory note, it was not so executed as to bind the defendant. It was signed with the name of the wife, without any reference whatever, either in the body or signature, to the defendant, and without purporting to be signed by her as the agent of, or on behalf of her husband. Nothing but proof of a special authority from the husband to the wife to sign in that manner would make the in-

strument the note of her husband. Her authority as agent merely, was to give a note in the name of her husband. If an agent signs his own name, instead of the name of his principal, as a general rule, the principal will not be bound. Chitty on Bills, 36 to 40, *and cases there cited.* 11 Mass. R. 27. 12 id. 173. 5 id. 299. 6 id. 58.

If it was not the note of the defendant, it was not admissible as evidence under the common count. If the consideration for which it was given accrued to the benefit of the defendant, he may be made resposible in a special action, upon the original consideration, and in no other manner, unless the evidence can be materially varied.

Judgment reversed.