ELIAKIM L. BOLLES *v.* WILLIAM WALTON and others.

A defendant cannot be charged as a party to a promissory note whereon his
     name nowhere appears, and when nothing indicates, upon its face, that it was
     made on his behalf or by his authority.
Proof of the defendant's declaration, that he was responsible for the note, on the
     faith of which assurance it was taken by the holder, will not sustain an aver-
     ment in the complaint, that the defendant acknowledged the note to be his.

THIS was an action upon two promissory notes, both drawn
in the following form:

"$539 16.                    "NEW YORK, *March* 12*th*, 1850.

"Four months after date, we promise to pay to the order
of W. H. B. Smith, at ——— five hundred and thirty-nine
dollars and sixteen cents, value received.

                    "DAVID HUBBELL HOYT,
              *Chairman of the Ex. Com. of the Churchman
                    Association, No.* 12 *John-street.*"

"Due 12—15 July."

Endorsed, "W. H. B. Smith; David Hubbell Hoyt."

The complaint alleged, in substance, that the defendant,
Walton, was the sole proprietor of a newspaper called "The
Churchman," and that Hoyt was his agent, attending to the
general management of the financial department of the pub-
lication, and making contracts for and in behalf of Walton in
the business; that Hoyt made the notes in suit as such agent,
in behalf and as the act of Walton; that W. H. B. Smith and
Hoyt, who were also made parties defendant, endorsed them;
that the plaintiff took them on the faith of Walton's acknow-
ledgment that they were his, accompanied by a promise to
pay them.

The defendant, Walton, answered, putting in issue the ma-
terial averments of the complaint, admitting, however, that

he was the proprietor of the newspaper, but denying authority in Hoyt to make a note as his act.

The cause was tried before WOODRUFF, J.  It appeared in evidence that the notes were given for paper purchased by Hoyt as the general manager of the publication, and were in his handwriting; that Walton kept books of the affairs of "The Churchman," but these notes were not entered therein, and he knew nothing of them until the interview hereafter referred to; that before the plaintiff took them, a witness applied to Walton on his behalf, and stated that he had called to ascertain if he, Walton, was responsible for the payment of the notes.  "Walton stated that he was the owner and editor of 'The Churchman;' that the paper itself was abundantly able to pay its debts; that Mr. Hoyt, whose individual endorsement was on the notes, was good, and that he, Mr. Walton, was abundantly responsible for the payment of these notes; that the notes should and would be paid." The witness added, that he said to Walton that Hoyt had stated that the notes were given for printing or paper; to which Walton replied, "It is all right," and went on to state that the "The Churchman" had abundant means to pay for all such things.  These conversations were communicated to the plaintiff, who thereupon discounted the notes.

The plaintiff put in evidence a printed notice, with Walton's name appended, published in the "The Churchman" after the maturity of the notes, and which was to the effect that Hoyt, within a few days before the publication of the notice, had ceased connection with the business of the paper, and that no person other than Walton was authorized to bind, or contract for, "The Churchman."

Upon this state of the proofs a nonsuit was granted.  The case came up to the general term, on a bill of exceptions.

*H. Brewster*, for the plaintiff, made and argued the following points:

I. That Hoyt, in making the notes in question, did not

intend to bind himself personally, is evident from the language of the notes and endorsement, which are to be all construed together. " We promise," " chairman," &c. " *Of* " is to be construed as if it read "*for.*" Grammatical accuracy is not required. ( *Wilkes* v. *Back,* 2 East, 142; *Dubois* v. *Delaware and Hudson Canal Co.* 4 Wend. 285.) The endorsement shows he meant to contract as endorser. That repels the idea of being maker. (*Hicks* v. *Hinde,* 6 Prac. Rep. 1; *Mott* v. *Hicks,* 1 Cowen, 514; Story on Agency, § 154; *Ballou* v. *Talbot,* 16 Mass. 461; *Rathbun* v. *Budlong,* 15 Johns. 1.)

II. The defendant, Walton, was the principal, and as such bound by the contracts of Hoyt, entered into in his agency. (*Owen.* v. *Gooch,* 2 Esp. 567; Story on Agency, §§ 110, 161, 162; *Rice* v. *Groove,* 22 Pick. 128.) The authority of Hoyt, as agent, to make the contract, was a question for the jury. If not clearly established by other evidence, the ratification of the act by Walton was full and complete, and binds him. (*Muldon* v. *Whitlock,* 1 Cowen, 290; *Shiras* v. *Morris,* 8 Id. 80; *Moss* v. *The Rossie L. M. Co.* 5 Hill, 137; *Evans* v. *Wells,* 22 Wend. 324.)

III. The admissions and promises of defendant, Walton, on the faith of which the plaintiff parted with his money, are conclusive against the defendant as to his liability. It is a case of estoppel *in pais.* (*Power* v. *Pinkerton,* 1 E. D. Smith's C. P. R. 30; Chitty on Bills, 35 and 36, and notes.) If not liable on the notes as such, he is on his special promise—relying on which, the plaintiff parted with his money. (*Pentz* v. *Stanton,* 10 Wend. 271; *Allen* v. *Coit,* 6 Hill, 320.)

IV. The *name* is nothing, save as a representative of the *person.* The individual is the *thing*—the name, but the sign that points to the particular person. Any name or designation that a person chooses to adopt, by figures, seals, hieroglyphics, crosses, or any other symbol, binds the person, when the act is done by the party or his agent. (*Brown* v. *Butchers' and Drovers' Bank,* 6 Hill, 443; Chitty on Bills, 621, and note (*i*); 2 Coke Lit. 233–4, and note K; 2 Black-

stone's Com. 305–6; *Rogers* v. *Coit*, 6 Hill, 322.) Even printing is held equally good, where writing is required. (*Saunderson* v. *Jackson*, 2 Bos. & Pull. 238; 2 Phil. Ev. 96, and note 285, p. 182.)

V. The same name is often borne by a number of persons, and, in all such cases, extrinsic evidence is allowed to prove which person is the one intended. The writing does not exclude parol evidence. (*Brockway* v. *Allen*, 17 Wend. 40; *Gates* v. *Graham*, 12 Id. 53.)

VI. Even in the case of an actual forgery, where it is not the person's *contract* in any sense. Because,. though the *sign* that he uses to designate himself is similar, it does not, in reality, point to him; yet, if he acknowledges it, and adopts it afterwards, it binds him as truly as a genuine signature. And why is not the principle here the same? (*Power* v. *Pinkerton*, 1 E. D. Smith's C. P. R. 30; *Leach* v. *Buchanan*, 4 Esp. 226; *Cooper* v. *Le Blanc*, 2 Stra. 1,051; *Barber* v. *Gingell*, 3 Esp. 60; Chitty on Bills, 336–7; *Palmer* v. *Stephens*, 1 Denio, 471.)

*A. D. & E. Logan* and *James W. Gerard*, for the defendant, Walton, made and argued the following points:

I. That the plaintiff could not recover upon the notes produced, under any state of proof, the name of the defendant, William Walton, nowhere appearing upon their face.

II. That the name of the principal, as well as the intention of the agent to bind him, should appear upon the paper itself, and parol proof could not be admitted to show that the "Executive Committee of the Churchman Association " was the defendant, William Walton.

III. That the notes produced at the trial contradicted the case made by the complaint, being drawn either by David Hubbell Hoyt, individually, or by him as chairman of the Executive Committee of the Churchman Association, and not drawn in the name of the defendant, William Walton, or in any manner or form to his responsibility.

IV. That the notes and complaint were defective; it not

appearing upon the face of the complaint that it was the note of the defendant, William Walton, but only the note of David Hubbell Hoyt, individually, and that the words chairman of the Executive Committee of the Churchman Association, No. 12 John-street, were words of description only, and did not bind the defendant, Walton.  1st. It must appear, from the four corners of the note, what corporation or natural person is to be bound by the signature as maker. 2d. Parol proof is inadmissible to explain who was the owner of the Churchman, so as to make him a *maker* of a *note* from circumstances, or by parol proof.  3d. Walton's name nowhere appears.  Hoyt does not pretend to be agent either for a *natural person* or a *corporation*, capable of being sued, but for a *thing* not capable of being sued.  4th. There is no ambiguity about the contract.  It is the clear contract of Hoyt, the signer.  5th. The signature is not William Walton, by Hoyt, nor by *him* for Walton, nor is *Walton's* name anywhere to be found.  6th. It is *Hoyt*, not *for* the Churchman, so as even to attempt to bind the Churchman or its owner; but it is Hoyt, chairman of the Executive Committee of the Churchman Association, No. 12 John-street—a mere *descriptio personæ.*  7th. It may be thus made to distinguish himself from another person of the same name, to show his place of business to be at the office of the Churchman, so as to send bank notice of payment, or to demand payment.  8th. Or he may be agent for several papers, and say agent for the Churchman, as a memorandum on whose account it was issued, and to whom he shall charge it when he pays it, to constitute a voucher for him in settling his accounts with the concern of the Churchman.  9th. It is a common thing for agents to give their own notes, for which they mean to be responsible, when they buy goods for manufacturers, or for persons for whom they are agents.  (Story on Agency, §§ 147, 155, 159; Story on Promissory Notes, §§ 61, 65, 79; *Hill* v. *Bannister*, 8 Cowen, 31; *Barker* v. *The Mechanics' Fire Insurance Company*, 3 Wend. 94; *Pentz* v. *Stanton*, 10 Id. 271; *Minard* v. *Mead*, 7 Id. 68; *Rossiter* v. *Rossiter*, 8 Id. 498; MS. Case,

*Miller* v. *Walton,* N. Y. C. Pleas; *Tafft* v. *Brewster,* 9 Johns. 334; *Stackpole* v. *Arnold,* 11 Mass. Rep. 27; *Mott* v. *Hicks,* 1 Cowen, 515; *Moss* v. *Livingston,* 4 Comst. 208.)

V. That no proof being given or offered by the plaintiff at the trial, to show that the proceeds of the notes ever came into the hands of the said Walton, or ever enured to his benefit, or that they were given for materials furnished or labor rendered to the Churchman newspaper, the plaintiff could not sustain the action.

VI. No proof was ever given of the existence of any Executive Committee of the Churchman Association.

VII. That the declarations made by the said William Walton at the time that the notes were shown him by the witness, T. Stokes Dickerson, being made, predicated upon the representations of the said witness to him, that the said notes were made and given for paper or printing for the Churchman newspaper, are wholly controlled by such representation; and the plaintiff not having shown that the said notes were made and issued for paper or printing as aforesaid, such declarations could not bind the said Walton.

VIII. That in no case, even if it had been proved that the notes were given for paper furnished or printing for the Churchman, could they have been made the notes of William Walton.

IX. The nonsuit should be sustained. It is in accordance both with the law and the evidence.

By the Court. Daly, J.—The nonsuit was properly granted. The name of the defendant, Walton, nowhere appeared upon the face of the notes, nor any thing indicating that they were made on his behalf or by his authority. He could not, therefore, be charged as a party to the notes. (*Minard* v. *Meed,* 7 Wend. 68.) The complaint avers that Walton acknowledged them to be his, but the proof did not sustain the averment. He said that Mr. Hoyt was good; that the notes would be paid, and that he was responsible for the payment of them. This did not amount to an ac-

knowledgment that they were his notes. He might be responsible to Hoyt for their payment, without being directly liable as a party to the notes. The motion for a new trial must, therefore, be denied. However liable he might be for the consideration upon which the notes may have been given, and whether liable or not, in any form, to the plaintiff, by reason of what he may have said to the witness, he was not liable upon the notes.

New trial denied.