## N. H. GALUSHA vs. SYLVESTER HITCHCOCK.

An action at law cannot be maintained upon a contract for the sale and conveyance of land, by the assignee of the vendor, against the husband of the vendee, who did not sign or execute the contract, to recover an installment of the purchase money.

Where a wife acts as agent of her husband, and makes an express contract in writing, she can bind him thereby, only by executing the same in his name, and professedly as his agent, as in the case of all other agents.

If the contract is executed by the wife in her own name, it cannot be made out to be the contract of the husband, except by parol proof; which is inadmissible for that purpose.

APPEAL by the defendant from a judgment rendered at a special term in favor of the plaintiff, for $305.03 damages and costs. The facts appear in the opinion.

*W. F. Cogswell,* for the appellant.

*J. Van Vorhis, Jr.,* for the plaintiff.

*By the Court,* E. DARWIN SMITH, J.   The plaintiff is the assignee of a contract to convey land, executed by Martin Galusha and Diana S. Hitchcock, the wife of the defendant. In the articles of agreement the said Martin Galusha agreed to sell and convey on the payment of the purchase money at the time and manner therein specified, and the said Diana S. Hitchcock agreed to purchase on such terms, the land and premises therein described. It does not appear by the complaint that the title to the premises has been conveyed to the plaintiff, or that he has any power to perform the contract on the part of the said Martin Galusha. He is a mere assignee of the money due on such contract, and this action is a suit at law for the recovery of an installment of $205 which became due by the terms of said contract on the 1st of December, 1856—the whole purchase money being $840, of which $705.52 remains unpaid, including said sum of $205 which had become due and payable. This action is therefore a simple

action at law upon the contract, by the assignee of the vendor for an installment due of $205, not against the vendee, Diana S. Hitchcock, named in the contract, but against the defendant as her husband, who did not sign or execute the contract, and is not named in it, and has incurred no express legal obligation for the purchase of the land described in the contract. The claim of the plaintiff is, that the execution of the contract by the wife was in legal effect an execution by her as agent for her husband, and that he is bound by the contract as duly executed by himself. It seemed to me at the trial quite clear that this claim could not be maintained; but the counsel for the plaintiff presented so large an array of authorities, and the law in respect to husband and wife has been getting into such confusion and uncertainty, that I concluded not to dismiss the complaint then, but let the case come to the general term for more careful examination than is practicable at the circuit. Upon a full examination of all the cases cited by the plaintiff, I have been unable to find any authority for maintaining this action. The cases cited are mostly cases where it has been held that the wife may act as agent for the husband, and where she so acts he is responsible. This is undoubted; but where she acts as agent, and makes an express contract in writing, she can only bind him by such express contract by executing the same in his name, professedly as agent, as in the case of all other agents. (23 *Wend.* 435. 4 *Hill,* 341. 5 *Sand. S. C. R.* 101. 7 *Wend.* 68.) The contract in this case is executed by the wife in her own name. It can only be made out to be the contract of the husband, if at all, by parol proof. Such proof would distinctly contradict or vary the written contract executed by the parties. Parol evidence is inadmissible for such a purpose. (5 *Sand.* 101. 4 *Hill,* 351. 7 *Wend.* 68.) The executory contracts of a married woman are not absolutely void. They are valid in equity, when made upon the credit, or for the benefit, of her separate estate. The execution by Mrs. Hitchcock, in this case, of the contract, bound the land, and

Galusha *v.* Hitchcock.

upon foreclosure and sale of her interest in it, the plaintiff might also have charged any deficiency upon her separate estate, if she had one. The vendor, on making the sale, may have been willing to trust to the security of the land itself for his pay. He retained the legal title till the purchase money was fully paid. Upon the face of this contract that is all he stipulated for, and all he received by way of security for the purchase money. If this land had really belonged to the husband, and the case were reversed, and she had assumed to sell it to Galusha by contract, executed in her own name, by the direction and in the presence of the husband, he would doubtless have been bound in equity by the contract, upon the ground of estoppel or fraud, and adjudged to convey the property or to refund the purchase money, within the case of *Edgerton* v. *Thomas,* (5 *Seld.* 41;) or if she had purchased personal property for his use, and the same had been received by him and used, he would have been clearly liable for the property, within the cases in 5 *Seld.* 205, and 7 *Howard,* 105, and many others; but in such cases, if she had given a note in her own name, the action would not have lain upon the note, but for the consideration of the note, as for goods sold to the husband. (5 *Seld.* 205. 7 *Wend.* 68. *Glann* v. *Younglove,* 27 *Barb.* 480.) The difficulty with the plaintiff's case is, that the contract which he is seeking to enforce was for the purchase of land, which must be in writing, within the statute, and signed by the party to be bound thereby. The contract is not signed by the defendant; it is not his act or deed; and whatever liability he may have incurred relative to this lot of land, if any, is outside of the express contract upon which this action is brought. I think the decision of the special term cannot be sustained, and the judgment there rendered should be reversed.

Judgment reversed.

[MONROE GENERAL TERM, March 7, 1859. *Welles, Smith* and *Johnson,* Justices.]