Bruner et al. v. Wheaton.

MARY W. BRUNER *et al.*, Plaintiffs in Error, *v.* THEODORE W. WHEATON, Defendant in Error.

| 46 | 363 |
| 37a | 307 |
| 46 | 363 |
| 48a | 242 |
| 46 | 363 |
| 122 | 675 |
| 46 | 363 |
| 69a | 213 |
| 46 | 363 |
| 151 | 620 |

1. *Contracts, executory, of married women, not absolutely void.* — The executory contracts of a married woman are not absolutely void. They are valid in equity when made on the credit or for the benefit of her separate estate.
2. *Contracts — Proposal, acceptance of, constitutes a binding contract, when.* — In order that an acceptance of a proposition may be operative it must be unequivocal, unconditional, and without variance of any sort between it and the proposal, and it must be communicated to the other party without unreasonable delay.

    An absolute acceptance of a proposal, coupled with any qualification or condition, will not be regarded as a complete contract, because there at no time exists the requisite mutual assent to the same thing in the same sense.
3. *Contracts, interpretation.* — In the interpretation of contracts it is a just principle of construction, both morally and legally, that the promisor is bound according to the sense in which he apprehended that the promisee received the proposition.

    In construing a contract for the sale of land, in the absence of special words or circumstances indicating a different intent, a stipulation "for immediate payment" or "payment down" will be held to mean payment at the time the deed is made out and executed.

### *Error to Fifth District Court.*

*Everett & Reed*, with whom was *Ensworth*, for plaintiffs in error.

I. The word "immediately," as used by defendant in his proposition, must be construed to mean immediately after the deed was made, and not immediately after the reception of the letter. The defendant, by the word "immediately," certainly meant a cash payment, or, in other words, a payment when the deed was made, and which are substantially the words in which plaintiff accepted defendant's proposition. It is a well-settled rule of law that the acceptance need not be in the exact words of the offer; if it means the same it is sufficient, no matter how expressed. (1 Pars. Cont., 5th ed., 476.)

II. The plaintiff having complied with the covenants and stipulations on his part to be performed, the contract is an executed contract, and this question of mutuality does not arise in this case; and plaintiff is entitled, even without mutuality of contract,

to specific performance. The rule that contracts must be mutual is not absolute. Where a contract has been performed by one of the parties and not the other, the right to a specific performance remains to the one who has performed his part of said contract.

III. A *femme covert* may take lands by purchase. (Reeves' Dom. Rel., § 118, note 1; Coke on Lit. 352; 2 Blackst. 292; 2 Kent's Com. 150; 1 Blackst. 438; 1 Pars. Cont. 365; 6 Binn. 427; 48 Penn. 382; 40 Penn. 140.)

*Vories & Vories*, for defendant in error.

I. There was no mutuality in the contract set forth in the petition. The plaintiff, Mary Bruner, with whom the contract is alone charged to have been made, being a married woman, could not bind herself by the contract, the performance of which could have been enforced by specific performance as against her. No such enforcement of the contract would or could be made in her favor. In such case the right of action must be reciprocal, and capable of being enforced by each party against the other. (Fry Spec. Perf. 130 *et seq.*, also 198 *et seq.*; also note to same authorities cited.) The only exception to this rule is stated in same book, pages 200–1. (2 Sto. Eq., § 723.) Contracts by married women to pay money are absolutely void. (Bauer v. Bauer, 40 Mo. 61.)

II. There is no contract stated in the petition which could be performed. There is no acceptance of defendant's offer. (Fry Spec. Perf. 136, §§ 167–174; 1 Pars. Cont. 475–7 *et seq.*, and cases cited, and note *a*; Peltier v. Collins, 3 Wend. 459; 1 Sto. Cont., § 387; Eads v. Carondelet, 42 Mo. 113; see also 2 Sto., § 769 *et seq.*, as to what contracts will not be performed.)

WAGNER, Judge, delivered the opinion of the court.

The judgment of the court in sustaining the demurrer makes it necessary to inquire whether the petition sets forth a cause of action. The suit was for specific performance, and the averments in the petition are that the plaintiff, a married woman, occupying certain premises belonging to the defendant in the city of St. Joseph, made proposals in writing to him to purchase the same.

In her first letter addressed to the defendant she states that she had agreed to pay his (defendant's) agent two thousand five hundred dollars for the property—payments to be made in the following manner: fifteen hundred dollars in cash, and the balance, one thousand dollars, in one year, to be secured by mortgage on the premises. To this letter defendant answered that he was willing to let the plaintiff have the property for three thousand dollars, fifteen hundred dollars to be paid to his agent immediately, and the balance in two years, at the rate of seven hundred and fifty dollars a year, with a mortgage on the premises to secure the deferred payments; and he further stated in this correspondence that if the plaintiff accepted the proposition, she should inform him of the fact, and he would send a deed or power of attorney to his agent and authorize him to arrange the whole affair.

Upon the receipt of this proposition, the plaintiff immediately addressed a letter to the defendant stating that she accepted his terms, that she would pay to his agent the fifteen hundred dollars as soon as the deed was ready, and at the same time give the two promissory notes and execute the mortgage as specified in his proposal.

There is a further allegation that an offer was duly made to comply with the terms of the agreement by the plaintiff, that the money had been tendered, and that, relying upon the faith of the contract, valuable improvements had been made upon the premises. Although one of the reasons assigned for sustaining the demurrer was that the plaintiff, being a married woman, had no capacity to contract, yet I think the case is relieved of all embarrassment on that ground, as the contract was made on her private account, and the money was to be paid from her separate estate. About this there is no controversy; the money was hers absolutely, free and independent of all control of her husband.

The case of Bauer v. Bauer, 40 Mo. 61, which is mainly relied on, and which appears to have been considered decisive in the determination of this cause, has really no bearing upon it. That was a proceeding to enforce the collection of a general judgment rendered at law on a promissory note against a married woman,

and in accordance with all the authorities we held that it was not maintainable. At law, the general rule is that *femmes covert* have no capacity to do any acts or enter into any contracts, and such acts and contracts are treated as mere nullities. But courts of equity have trenched and broken in upon this doctrine, and have in many respects and under certain circumstances treated the wife as capable of disposing of her own separate property, and of doing other acts as if she were a *femme sole*. The executory contracts of a married woman are not absolutely void. They are valid in equity when made upon the credit or for the benefit of her separate estate. (Galusha v. Hitchcock, 29 Barb. 194; Whitesides v. Cannon, 23 Mo. 457.)

In N. A. Coal Co. v. Dyett, 7 Paige, 9, it is held that "the *femme covert*, as to her separate estate, is considered as a *femme sole*, and may in person, or by her legally authorized agent, bind such separate estate with the payment of debts contracted for the benefit of that estate, or for her own benefit, upon the credit of the separate estate."

She may mortgage her separate estate for her own or her husband's debts, and a power of sale contained in such mortgage is valid. (Demorest v. Wynkoop, 3 Johns. Ch. 29; Kent's Ch.; see also M. E. Church v. Jaques, 17 Johns. 584; Gardner v. Gardner, 7 Paige, 112; 22 Wend. 526; Curtis v. Engel, 2 Sandf. Ch. 287; Yale v. Dederer, 18 N. Y. 265; Todd v. Lee, 15 Wis. 365; Whitesides v. Cannon, *supra.*)

In my opinion, there can be no doubt of the capacity of the wife to make the contract, and of the equitable powers of the court to enforce it, and therefore there is nothing in the objection of a want of mutuality between the parties.

The next question that arises is whether there was a valid agreement or an acceptance of the proposition according to the terms in which it was made. In order that an acceptance may be operative, it must be unequivocal, unconditional, and without variance of any sort between it and the proposal, and it must be communicated to the other party without unreasonable delay. (Fry Spec. Perf., § 167; Eads v. Carondelet, 42 Mo. 113.) To constitute a valid contract there must be a mutual assent of

the parties thereto, and they must assent to the same thing in the same sense; therefore an absolute acceptance of a proposal, coupled with any qualification or condition, will not be regarded as a complete contract, because there at no time exists the requisite mutual assent to the same thing in the same sense. Any words manifesting an *aggregatio mentium* are sufficient to constitute a contract, but the mutual consent — the *aggregatio mentium* — can not, of course, be attained without the assent of both parties.

Now, the proposal was that the defendant would let the plaintiff have the property for $3,000; she to pay $1500 to his agent immediately, and the balance in two years, at the rate of $750 a year, secured by a mortgage upon the property until paid. And he further stated that if she accepted the proposition, she should inform him, and he would send a deed or power of attorney to his agent and authorize him to arrange the whole affair. To this proposition the plaintiff promptly answered that she accepted the terms; that she was ready to pay the $1500 to the agent as soon as the deed was made, and at the same time execute and deliver the notes and mortgage.

The dry, hard, and technical interpretation is now sought to be given to the proposal, that "immediately" meant that the money should be paid down at the time of acceptance, without waiting for the reception of the deed or the passing of the notes and mortgage. But this is obviously not the sense in which the contracting parties at the time viewed the transaction. It is a just principle of construction, both morally and legally, that the promisor is bound according to the sense in which he apprehended that the promisee received his proposition.

The word "immediately," conveyed in the proposal, simply meant that the first payment should be a cash payment, to be made at the time the deed was delivered and the notes and mortgage executed. Without special words or circumstances indicating a different intent, an immediate payment, or payment down, will mean payment at the time the deed is made out and executed. In this case the payments and the making of the deed, notes and mortgage, are all spoken of in the same connection;

and the conclusion is strengthened by the expression that the defendant, on being notified of the acceptance, would send a deed or power of attorney to his agent and authorize him to arrange the whole affair. That the plaintiff understood the matter in this light, is undisputable, and the defendant had every reason to believe that she so apprehended it. To my mind this is clearly the sense in which the proposition was made and the undoubted sense in which the plaintiff received it, and upon which she acted.

I think, therefore, that the judgment should be reversed and the cause remanded, with directions to the court below to overrule the demurrer. The other judges concur.