LYMAN A. BARDIN, Respondent, *v.* WILLIAM D. STEVENSON, Administrator, etc.; Appellant.

This action was upon a promissory note; the defense was that the alleged signature of defendant's intestate, as maker, was a forgery. Upon the trial, a cashier of a bank, as a witness for plaintiff to prove the handwriting, was asked if the deceased, in his lifetime, had presented instruments with his signature at the bank for the purpose of having them discounted; this was objected to, the objection being to that portion of the question calling for the purpose; the objection was overruled, and exception taken. The witness answered that the deceased did present instruments, containing his signature, to the bank. *Held,* that as the witness simply answered that portion of the question conceded to be proper, the exception was not available.

A witness, who had testified that he had seen deceased subscribe his name to various papers passing between them, was permitted to testify as to what kind of instruments these papers were. *Held,* no error; that while it would not be competent to go into detail as to the contents of the papers, it was competent upon the point of witness' knowledge of the handwriting to show the nature of the signatures he had seen — *i. e.,* that they were of an important character, which might call more particular attention of the witness to them.

T, a witness for plaintiff, testified as to a conversation with deceased and the date of a transaction with him. A, a witness called by defendant, gave testimony showing the testimony of T to be untrue. T was subsequently recalled, and was asked and permitted to answer, under objection and exception as to what he had ascertained from examination of the books of the bank; his answer corroborated the testimony of A., showing he was mistaken in his original testimony. *Held,* that the question was improper; but the answer could not have damaged defendant, and the exception, therefore, was not good.

The note in suit was for $1,000, payable with interest at six per cent. Plaintiff was permitted to prove, under objection and exception, statements of the deceased, made soon after the date of the note, to the effect that he had borrowed $1,000 of plaintiff and given his note for it at six per cent. *Held,* no error.

*Shaver* v. *Ehle* (16 J. R., 201); *Minard* v. *Mead* (7 Wend., 68); *Palmer* v. *Manning* (4 Den., 131), distinguished.

(Argued September 30, 1878 ; decided November 12, 1878.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was upon a promissory note alleged to have been executed by William Stevenson, defendant's intestate, dated "Fort Edward, July 24, 1852," for the sum of $1,000, payable to plaintiff or bearer, thirty days after sight, with interest at six per cent.  The defense was that the signature to the note was a forgery.

The further facts material to the questions discussed appear sufficiently in the opinion.

*James Gibson*, for appellant.  It was error to receive in evidence the books of the bank and the opinion of the witness Thompson as to what they proved.  (1 Greenl. Evi., § 150.)  The evidence of the admission of the deceased that he had borrowed $1,000 of plaintiff or had given him his note for that amount was erroneously received.  (*Shaver* v. *Ehle*, 16 J. R., 201; *Minard* v. *Meade*, 7 Wend., 68; *Palmer* v. *Manning*, 4 Den., 131.)

*Martin I. Townsend*, for respondent.  Handwriting may be proved by witnesses from previous knowledge of the hand, derived from having seen the person write, or from authentic papers received in the course of business.  (Peake's N. P., 21; 1 Esp., 15, 351; *Titford* v. *Knott*, 2 J. Cas., 211.)

Hand, J.  The learned counsel for the appellant has presented in his brief a very elaborate analysis of and argument upon the conflicting evidence given as to the genuineness of the signature of William Stevenson to the note in suit.   But

that question was settled by the finding of the jury in favor of the respondent and is of course not reviewable in this court.

The points orally argued before us were upon the rulings of the judge in the admission and exclusion of evidence at the trial.

Upon an examination of these rulings we are of the opinion that in none of them was there error affecting the judgment.

It is insisted that it was error to receive evidence of the cashier of the Fort Edward Bank that the deceased, the *genuineness* of whose signature was in question, had presented instruments to the bank for the purpose of discount. While admitting it to be proper to prove the fact that the deceased presented papers with his name signed to them as tending to give the witness a knowledge of his handwriting, the appellant claims it to have been error to allow proof that he borrowed money thereon.

The exception to this question is sufficiently disposed of, without deciding as to its abstract propriety, by the fact that the witness in his answer did not state that the deceased borrowed money or that the instruments were presented for discount, but confined himself within the limits admitted by the appellant to be proper. He testified only that the deceased did present instruments at the bank and he did not state their nature or purpose.

It is also insisted that there was error in permitting the witness Graham, after he had testified that he had seen deceased subscribe his name to various papers passing between them, to answer what kind of instruments these papers were. If this was, as alleged in the defendant's objection, abstractly immaterial and incompetent, it is impossible to see how the general answer that they were receipts, notes and settlements could have injured the defendant; but we are inclined to think the question was proper. Upon the point of the witness's knowledge of the handwriting, he could be asked the nature of the signatures he had seen. While it would not be competent to go into detail as to the contents of the papers,

the fact that they purported to release a pecuniary obligation to or imposed a pecuniary obligation upon the signer might well call more particular attention of the witness to them than if they were of less important character.

The question to the witness Thompson when recalled as to what he had ascertained from the examination of the books of the Fort Edward Bank was, we think, clearly improper, but the answer was directly corroborative of what the defendant had already proved by cashier Alden, namely, that Thompson's evidence as to the very material point of his conversation with deceased and the date of the transaction with him was untrue. It is manifest that the admission on oath by Thompson that the books showed precisely what the defendant had already proved by Alden, and that he therefore must have been wrong in his original testimony, could not possibly damage the defendant. It was merely reiterating out of his own mouth the facts which discredited his previous testimony. Although therefore, if in his answer to this improper question he had given any evidence at all conflicting with Alden on this point or tending to sustain his previous testimony, the exception would probably have been good ; as he did not, it is not so.

It is further insisted that the court erred in excluding the defendant's offer to show by the witness Lester, that the deceased on the 23rd July, 1852 (the day previous to the date of the note in suit) told him that one Maies would be at Argyle on the next day and Lester could then pay a call on bank stock. The witness was permitted to testify that on the evening of the twenty-third or morning of the twenty-fourth he gave deceased the money to hand to Maies on the call and that he did not recollect of seeing Maies that day himself. As the only possible relevancy of the testimony was to show the *deceased* not Maies at Argyle on the date of the note and therefore not at Fort Edward, we fail to see how the part of the offer rejected was competent.

The last point and the one most strenuously argued by the appellant's counsel was the exception to the admission of evi-

dence on the part of the plaintiff of statements of the deceased, made soon after the date of the note in suit, that he had borrowed $1,000 of the plaintiff and given him his note for it at six per cent. The defendant contends that proof that the deceased had borrowed *a* $1,000 of the plaintiff and given him *a* note for it was not relevant on the question whether he had given *this* note or its signature was a forgery ; and he cites cases *Shaver* v. *Ehle* (16 J. R., 201); *Minard* v. *Mead* (7 Wend., 68); *Palmer* v. *Manning* (4 Denio, 131), holding that evidence of an admission by the maker of a note that he has made one of the same general description as that sued upon, without any other evidence of his signature to the note put in evidence or identification of it with the note admitted, was (not inadmissible), but insufficient to authorize a judgment.

But in the present case there was abundant evidence that this note was signed by the deceased and this issue was hotly contested, numerous witnesses swearing on both sides of the question. Under these circumstances, the note sued being for $1,000, and at six per cent interest, and payable to the plaintiff, it is obvious that evidence of an admission by the alleged maker made soon after the date of the note, that he had borrowed of the plaintiff $1,000, and had given him a note for the same amount and rate of interest would be directly within the issue and most material. It tended to show that the plaintiff's witnesses were right and the defendant's wrong and the signature to this note was his, although perhaps not enough alone to authorize a judgment thereon.

The judgment must be affirmed, with costs.

All concur, except MILLER and EARL, JJ., absent at argument.

Judgment affirmed.