In re PIRIE.

(Supreme Court, Appellate Division, Second Department. June 22, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 319*) — SALE OF REAL ESTATE TO PAY DEBTS—PETITION BY CREDITOR—JURISDICTION OF SURROGATE'S COURT.

The jurisdiction of the Surrogate's Court to entertain a petition by a creditor of a decedent's estate to sell real estate to pay debts must be exercised as prescribed in the statute.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 319.*]

2. EXECUTORS AND ADMINISTRATORS (§ 336*)—SALE OF REAL ESTATE TO PAY DEBTS—PETITION.

Under Code Civ. Proc. §§ 2752, 2756, requiring the petition for the sale of a decedent's real property to pay debts to set forth the amount of the unpaid debts, that the personal estate is inadequate for the payment thereof, etc., the facts necessary to establish the existence of a debt must be set forth in the petition.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1385–1396; Dec. Dig. § 336.*]

3. EXECUTORS AND ADMINISTRATORS (§ 336*)—SALE OF REAL ESTATE TO PAY DEBTS—PETITION—SUFFICIENCY.

A petition by a creditor for the sale of real estate of a decedent to pay debts, alleging that petitioner is a creditor of decedent to a certain amount, with interest, was insufficient; it being impossible to determine from the petition how or when the alleged indebtedness arose.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1385–1396; Dec. Dig. § 336.*]

4. EXECUTORS AND ADMINISTRATORS (§ 336*)—SALE OF REAL ESTATE TO PAY DEBTS—PETITION—SUFFICIENCY.

Since, under Code Civ. Proc. § 2750, a petitioner for the sale of real estate of a decedent to pay debts must be either his representative or any creditor except a mortgage creditor, where the petition by a creditor for the sale of real estate failed to show a debt due petitioner, that the petition stated facts from which it might be found that a third party had a valid claim against decedent did not give the court jurisdiction.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1385–1396; Dec. Dig. § 336.*]

5. EXECUTORS AND ADMINISTRATORS (§ 340*)—CLAIMS AGAINST ESTATE—DETERMINATION.

Where the validity or amount of a claim against the estate of a decedent is disputed, the surrogate must determine it.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1425–1433; Dec. Dig. § 340.*]

6. EVIDENCE (§ 370*)—DOCUMENTARY EVIDENCE—ACKNOWLEDGMENT—PRESUMPTIONS.

Under Code Civ. Proc. § 937, providing that any instrument, except a note, bill of exchange, or last will, when acknowledged, is evidence, it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

117 N.Y.S.—48

would be presumed that, where a mortgage was recorded, it had been properly acknowledged, so as to render it admissible in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1571; Dec. Dig. § 370.*]

7. BILLS AND NOTES. (§ 517*)—EXECUTION—EVIDENCE.

That a mortgage contained a recital that it was given to secure a note of a certain date and tenor was of itself insufficient to prove the execution of a note of like date and tenor purporting to have been executed by the mortgagor, where the genuineness of such note was disputed.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1807–1815; Dec. Dig. § 517.*]

Woodward, J., dissenting.

Appeal from Surrogate's Court, Kings County.

In the matter of the estate of Adele M. Downing, deceased. Application by John T. Pirie, a creditor, for the disposition of the real estate of deceased for the payment of her debts. From the decree directing a sale of real estate, Raphael Krasnow appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Arthur O. Wiessner, for appellant.
Charles I. Wood, for respondents.

BURR, J. This appeal is taken from a judgment of the Surrogate's Court of Kings county, directing a sale of the real property of which Adele M. Downing died seised to pay the debts of the decedent. Exception was taken to the denial of a motion to dismiss the proceedings upon the ground that the petition did not state facts sufficient to authorize such sale, and exception was also taken to the admission of certain evidence tending to establish that John T. Pirie and Susan Wright were creditors of the decedent, and to the sufficiency of such evidence. These exceptions seem to us to be fatal. The jurisdiction of the Surrogate's Court to entertain such a proceeding is statutory, and must be exercised in the manner and according to the procedure prescribed in the statute. Duryea v. Mackey, 151 N. Y. 204, 45 N. E. 458. The existence of a debt is one of the facts essential to confer jurisdiction (Code Civ. Proc. § 2752), and to authorize a decree (Code Civ. Proc. § 2756). The facts necessary to establish the existence of a debt must be set forth in the petition. Mead v. Sherwood, 4 Redf. Sur. 352; Matter of German Bank, 39 Hun, 181. So far as the claim of the petitioner is concerned, no such facts are stated. The petition alleges that John T. Pirie is a creditor of the decedent to the amount of $325 and interest from December 17, 1896. This is a mere conclusion. It is impossible to determine from the petition how or when the alleged indebtedness arose, or whether for goods sold, upon a note, for rent, or in any other way. This would clearly be an insufficient statement of facts in a complaint under the provisions of the statute. Code Civ. Proc. § 481; Bogardus v. New York Life Ins. Co., 101 N. Y. 328, 4 N. E. 522; Miller v. White, 4 Hun, 62. We do not see why a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

less specific statement of facts should be admitted in a proceeding of this kind. In answer to this objection, it is claimed that the petition at least states facts from which it may be found that Susan Wright has a valid claim against the decedent, and that this is enough to give the court jurisdiction. If the petitioner had set forth facts showing his own indebtedness, one debt might be sufficient (Matter of German Bank, supra), but the petitioner must be either the executor or administrator or a judgment creditor or any other creditor except a mortgage creditor. Code Civ. Proc. § 2750. The statute does not permit any other person to call upon the court to act. But not only was the petition insufficient; the proof also was fatally defective. If the validity or amount of a claim is disputed, the surrogate must determine this. In re Haxtun, 102 N. Y. 157, 6 N. E. 111. The petitioner's claim was through an alleged assignment from Eliza J. McCormack. Upon the hearing, a mortgage purporting to be made by Adele M. Downing to Eliza J. McCormack was offered in evidence. This mortgage was dated February 1, 1892, and contained a recital that it was given to secure two notes for $500 each, made by the mortgagor to the mortgagee—one payable six months from date, the other eighteen months from date. The mortgage covered property at Sea Cliff. It was objected to as immaterial, irrelevant, and incompetent, but the objection was overruled. This mortgage is not printed in full in the appeal book, but we may presume as it was recorded that it was properly acknowledged. It was therefore admissible in evidence. Code Civ. Proc. § 937. The petitioner then offered in evidence a paper purporting to be a note of the said Adele M. Downing to the said Eliza J. McCormack, dated February 1, 1892, payable 18 months after date, for $500. This paper was not acknowledged. If it had been, it could not have been received in evidence. Code Civ. Proc. § 937. When offered in evidence, it was objected to as immaterial, irrelevant, and incompetent, and specifically upon the ground that the making of the note was not sufficiently proved. This objection was overruled and an exception taken. The genuineness of the signature to this note was a vital fact to be proved. It is quite likely that the note is genuine. No evidence whatever was offered upon that point, although the statute provides an easy method of obtaining an admission respecting the same. Code Civ. Proc. § 735. The petitioner now claims that the fact that the mortgage contains a recital that it was given to secure a note of like date and tenor with the paper offered in evidence is proof of the execution of this paper. The recital in the mortgage might be sufficient to prove the existence of a note, but not of this note. If this had been a suit on the note, and the maker were living, and the plaintiff had called her as a witness and asked her whether on the 1st of February, 1892, she had made a note to the order of Eliza J. McCormack for $500, payable 18 months after date, and, upon receiving an affirmative answer, had allowed her to leave the stand without identifying the paper which she signed, I think that the note could not be received in evidence without further proof. Palmer v. Manning, 4 Denio, 131; Shaver v. Ehle, 16 Johns. 201; Bardin v. Stevenson, 75 N. Y. 164; People v. Corey, 148 N. Y. 476,

486, 42 N. E. 1066. But the declaration in the mortgage certainly amounts to no more than such evidence would amount to. Non constat that the note which the mortgage was given to secure may be in the hands of another person, for there may have been more than one note given by Adele M. Downing on February 1, 1892, payable 18 months from date, or the note offered in evidence may have been one given by a person of similar name, or it may have been a forgery. If there had been evidence as to the genuineness of the signature which had been disputed, it might well be that the recital in the mortgage would be competent corroborative evidence in favor of the genuineness of the note, but of itself it was insufficient to authorize a judgment. Bardin v. Stevenson, supra; People v. Corey, supra. In the case last cited each of these cases was considered, and the doctrine of Palmer v. Manning, that such an admission was not of itself sufficient to establish liability, was affirmed. The finding of the surrogate that it was the note of Adele M. Downing, which finding was excepted to, was error, as there was no other evidence to support it. The petitioner also contends (to quote from his brief) that:

"When an instrument, to which there are no subscribing witnesses, comes from the possession of the person entitled to its custody, it may be read in evidence without proof of execution, as this will be presumed when no circumstances of suspicion are shown."

He cites in support of this St. John v. American Mutual Life Ins. Co., 2 Duer, 419, affirmed 13 N. Y. 31, 64 Am. Dec. 529. Inadvertently this citation, apparently taken from the syllabus of the case, is not correctly made. It is as follows:

"An assignment or other instrument in writing, to which there is no subscribing witness, when it comes from the possession of the person entitled to its custody, may be read in evidence, upon proof of its being genuine, without proof of its actual execution at the time of its date."

In that case there was positive proof as to the handwriting of the maker. Failure to produce and prove the note, although the mortgage which was given to secure it was produced, would justify a finding that the debt was paid. Bergen v. Urbahn, 83 N. Y. 49.

The judgment appealed from should be reversed, and a new trial granted, costs to abide the event.

JENKS and GAYNOR, JJ., concur. MILLER, J., concurs on the first ground stated in the opinion. WOODWARD, J., reads for affirmance.

WOODWARD, J. (dissenting). I am unable to concur in the opinion of Mr. Justice BURR. The suggestion that the allegation of the petition that John T. Pirie is a creditor of the decedent to the amount of $325 and interest from December 17, 1896, is a mere conclusion, does not strike me as having force. It is clearly a statement of a fact. He says the decedent owes him the sum of $325 and interest from a certain date. What more can he do? He is not obliged to plead his evidence, to say that he owes him $325 on a promissory note, and to set out the note. He complies with the requirement of section 481

of the Code of Civil Procedure that he shall make a "plain and concise statement of the facts constituting each cause of action without unnecessary repetition" when he says that the decedent owes him $325, and, if this statement is challenged, then he is to produce the evidence of the debt. The court acquires jurisdiction under the provisions of sections 2472 and 2749 of the Code of Civil Procedure if the petition sets forth any item of indebtedness due from the decedent, stating the amount and to whom the same is owing (Matter of German Bank, 39 Hun, 181, 185); and clearly this allegation of the petition is sufficient for this purpose. But it is urged that the proof is fatally defective; that, if the validity or amount of a claim is disputed, the surrogate must determine this (Matter of Application of Haxtun, 102 N. Y. 157, 6 N. E. 111); and that the evidence in support of the claim does not meet the requirements.

It seems important to an intelligent discussion of the question that we get the true situation of the parties, and see what questions are open to consideration here. Questions of importance under some considerations become purely academic under other circumstances. Adele M. Downing died in September, 1905, leaving a last will and testament. She was at the time of her death seised in fee of the real property described in the petition, which petition was made under the provisions of title 5 of chapter 18 of the Code of Civil Procedure, and is a special proceeding for the purpose of selling real estate to pay debts. This real estate was subject to a mortgage made by decedent in 1902, which mortgage is now held by Meyer Jacobs. Under decedent's will, this real estate was devised to her daughter-in-law, Elizabeth A. Downing, who was made sole executrix of the will. She did not advertise for claims against the estate, and in July, 1907, filed an account showing that decedent's personal estate was insufficient to pay either her debts or her funeral expenses. On the 16th day of December, 1905, Elizabeth A. Downing, as sole devisee under the will, sold and conveyed the premises in question, subject to the mortgage now held by Meyer Jacobs, to the appellant, Raphael Krasnow. In this transaction Elizabeth A. Downing took back a purchase-money mortgage, which she subsequently assigned to the respondent, Moses L. Parshelsky.

The petitioner, as I have already suggested, instituted this special proceeding for the purpose of procuring the sale of the real estate described in his petition, and I think it is clear that he stated all of the facts required by the statute to give jurisdiction to the surrogate. This special proceeding was instituted within three years from the time that letters were issued to Elizabeth A. Downing as sole executrix under the will, and the law is well established that during a period of three years the creditors of a decedent have a kind of statutory lien upon the real estate left by him, and that such real estate cannot be so aliened by his heirs or devisees during that time as to defeat the claims of creditors thereon (Platt v. Platt, 105 N. Y. 488, 497, 12 N. E. 22), and that an intending purchaser of real estate is bound to know that the real estate is subject to the payment of a decedent's debts within three years from the probate of a will (Olyphant v. Phyfe, 48 App. Div. 1, 62 N. Y. Supp. 688; affirmed on opinion below, 166 N. Y. 630–

631, 60 N. E. 1117). It is apparent, then, that the appellant Krasnow and the respondent, Parshelsky, having acquired their rights under the period that the real estate was subject to this lien, took subject to this lien, and they are in no better position and have no greater rights than belong to Elizabeth A. Downing as sole devisee under the will.

Both Elizabeth A. Downing and Krasnow answered the petition, making a general denial of the material facts and setting up the statute of limitations, and upon the trial the petitioner offered in evidence a mortgage made by the decedent, Adele M. Downing, to Eliza J. McCormack, under an assignment of which he claimed. Mr. Wiessner, appearing for Krasnow, objected to this as immaterial, irrelevant, and incompetent, and as not binding upon the respondent Krasnow. The objection was overruled and an exception taken, but it is now conceded that this mortgage, being recorded, must be presumed to have been properly acknowledged, and therefore competent evidence of any fact which it tended to prove. Then counsel for petitioner offered "also the second of the two notes mentioned in the mortgage just offered in evidence." Mr. Wiessner objected to this as "immaterial, irrelevant, and incompetent, as not binding on these respondents, and as incompetent under section 829 of the Code," and moved "to strike out the characterization as the second note referred to in the mortgage." The objections were overruled and the motion denied; exceptions being noted. This was the only objection raised in behalf of Krasnow, but Mr. Reiter, appearing for Elizabeth A. Downing, also objected "as incompetent and immaterial, the making of the note not being sufficiently proved." This was overruled, with an exception noted. Mr. Wiessner and Mr. Reiter were making separate objections and taking exceptions; in one case it being stated in the minutes that the same objection was taken by both counsel for respondents, and it may be fairly questioned whether a separate objection and exception taken in behalf of Elizabeth A. Downing, who does not appeal, is available for Mr. Krasnow. When his counsel stated his objections to the admission of the note as immaterial, irrelevant, and incompetent, as not binding on these respondents, and as incompetent under section 829 of the Code, he must be deemed to have stated all the objections which he desired to urge, and as none of these are available here, it is difficult to understand what grounds he has for urging objections which he did not raise. It might be under an understanding appearing in the record that objections stated by one party would be sufficient to raise the question for all whose interests were the same, but nothing of the kind appears in the record. On the contrary, the attitude of counsel appeared to be to look after the special interests of their own clients, and Mr. Wiessner made no remark to indicate that he desired to raise the same question for his client, and, having specifically pointed out the grounds of objection which he desired to make, he must be deemed to have waived all other objections. Tooley v. Bacon, 70 N. Y. 34, 37; Friedman v. Breslin, 51 App. Div. 268, 270, 271, 65 N. Y. Supp. 5. Under somewhat similar circumstances, the court in Varnum v. Hart, 53 Hun, 631, 6 N. Y. Supp. 346, 353, Barker, J., writing for a unanimous court, say:

"The defendant Hart had ample opportunity to renew an objection in his own behalf before the witness gave the objectionable evidence, and, as he failed to do so, or to move to strike out the evidence after it had been received, it is to be presumed that by his silence he was willing that it should remain in the record."

Clearly, where parties appear by separate counsel, after answering separately, and the record shows no understanding that objections taken in behalf of one party are to be considered in the case for the benefit of another, and where it appears that both counsel are on guard and make their own objections, why should a party appealing be given the benefit of an objection taken in behalf of a party who does not appeal? Concede that this is a technical point. So likewise is the objection attempted to be made use of to defeat what is in all probability a meritorious claim. Wigmore on Evidence, § 2596, says:

"In probably most instances where a document is material under the pleadings, or is evidentially used, its genuineness is not doubtful. Yet the proof of that genuineness may be onerous and expensive. * * * It would therefore be the part of common sense to recognize the needs of the situation by some expedient for facilitating the proof. The appropriate remedy seems naturally to lie in securing some sort of judicial admission, by rule of pleading or otherwise, where the circumstances justify it."

He then points out an early English rule, with various statutory provisions designed for meeting just such a situation as was here presented to overcome the rule that writings do not prove themselves. The English rule cited required the adverse party to concede the genuineness of the writing, or to take the risk of paying the expense of proving the same if the evidence justified a finding that it was genuine, a rule that might well be adopted in the practical administration of the law, giving the adverse party, of course, an opportunity to examine the paper a reasonable length of time before it was offered. As a bad answer is good against a bad complaint, so a technical rule is good as against a technical objection.

Assuming, however, that the exception taken by Elizabeth A. Downing is available to the appellant, I am persuaded that, upon the merits, reversible error is not presented. The mortgage was concededly proper and competent evidence. No one is questioning this here. This mortgage was but a part of a single transaction. The remainder of the transaction was evidenced by two promissory notes, one of them for $500 being payable in six months, and the other, for a like amount, being payable in 18 months from the date of the mortgage, and of the note; these facts being recited in the mortgage. As a mortgage is but an incident to the debt which it is intended to secure, the logical conclusion is that a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it. The security cannot be separated from the debt and exist independently of it. Merritt v. Bartholick, 36 N. Y. 44, 45, and authorities there cited; Bloomingdale v. Bowman, 51 Hun, 639, 4 N. Y. Supp. 60; Manne v. Carlson, 49 App. Div. 276, 278, 63 N. Y. Supp. 162; Smith v. Thompson, 118 App. Div. 6, 7, 103 N. Y. Supp. 336. The mortgage and the note being in contemplation of law inseparable; it was incumbent upon the petitioner, the allegation of indebtedness being denied, to show an assignment both of the mort-

gage and of the note which it was given to secure, and a part of his case depended upon his possession, or right to possession, of the evidence of debt, and this was preliminary to the offering in evidence of the "assignment of mortgage and note which have been offered in evidence made by Eliza J. McCormack to John T. Pirie." It will be remembered that this mortgage was made and delivered by Adele M. Downing to Eliza J. McCormack, and was given to secure two notes of $500 each made by the party of the first part to the party of the second part, one payable in six months from date, and the other payable in eighteen months from date, with interest on each, and that the assignment of the mortgage and note was made by Eliza J. McCormack, the mortgagee, to John T. Pirie, the petitioner, so that the physical possession of the mortgage, duly acknowledged, reciting the making and delivery of the notes, together with the possession of one of these notes, accompanied by the assignment of Eliza J. McCormack, was the fulfillment of the law. The note in question came by assignment and delivery from the hands of Eliza J. McCormack, who was by the recitals of the mortgage entitled to the ownership and possession of the note and the mortgage. The two papers were a part of a single transaction, the collateral obligation referring specifically to the primary obligation, and the two never having parted company in fact, as they could not in law, where is the defect in proof? Where is the error of which any one can complain? The suggestion that "the note which the mortgage was given to secure may be in the hands of another person, for there may have been more than one note given by Adele M. Downing on February 1, 1892, payable 18 months from date, or the note offered in evidence may have been one given by a person of similar name, or it may have been a forgery," seems to me wholly without force under the circumstances here presented. Concededly Eliza J. McCormack was the owner of the mortgage, and that ownership was a mere nullity, except in connection with the ownership of the note. Indeed, the mortgage recites that she was entitled to the note. She was, then, the owner and holder of this note for value, and in connection therewith she owned the mortgage. Being the owner and holder of the debt, with the collateral, she concededly parted with the ownership of both in the assignment to the petitioner, and to raise any question about the genuineness of this note we must presume that Eliza J. McCormack, owning and holding this note, deliberately perpetrated a fraud upon the petitioner by delivering to him a spurious note in connection with a valid mortgage, or that the petitioner, being the owner of the mortgage and the note under a valid assignment from Eliza J. McCormack, has undertaken to substitute a forged note for the genuine one which he owned, and every presumption of law is against any such conclusion. "Cessante ratione legis, cessat ipsa lex." Broom's Legal Maxims (4th Ed.) 133. It is one thing to say that a writing does not prove itself, and quite another to say that a paper which represents a part of a single transaction, and which is a necessary part of the evidence of that transaction, which is fully described in a writing constituting the contract under which the first paper was made and delivered, and which is found in the same possession under a valid assignment, is not proved because

no one has testified to the signature on such paper. The rule is laid down by Wigmore, § 2132, that when the execution of a document is not in issue, but only the contents or the fact of the existence of a document of such tenor, no authentication is necessary, and this rule would seem to cover the present case. The mortgage recites the existence of a certain note, describing it. The petitioner presents the mortgage, and the note corresponding with the description shows an assignment of these two writings, joined in law, and yet we are asked to hold that this note was not sufficiently proved; that it was error to admit it as showing a debt due to the petitioner. The executrix under the will of Adele M. Downing is not here complaining that the debt is not properly proved against the estate, and I do not think it is the law of this state that the evidence in this case is incompetent or immaterial, or that it is necessary to have direct testimony to the genuineness of a promissory note produced under such circumstances. It seems to me like a mere quibble, raised by one who has no standing to raise it, because he did not raise the question in the court below.

I think the decree of the Surrogate's Court should be affirmed.