### WHITMORE *vs.* FOOSE, executrix of Foose.

The limitation of six months provided by the statute, (2 *R. S.* 89, § 38,) within which an action must be brought against an executor or administrator upon a claim which has been exhibited and rejected, is only applicable to cases where the presentment and rejection of the claim, is after the publication of notice requiring creditors to present their claims, as authorized by § 34 of the same title. The exhibition of a claim to the legal adviser of the executor or administrator in settling claims against the estate, and his rejection of it, is not a compliance with the statute.

ASSUMPSIT, tried at the Livingston circuit in October, 1844, before WHITING, C. Judge.

The action was on a promissory note, made by the defendant's testator, and the defence relied on was the short statute of limitations provided by 2 *R. S.* 89, § 38, of which notice had been given under a plea of *non assumpsit*. The note, which was for $70,90, was made on the 23d February, 1838, payable June 1st, 1839. The defendant took out letters testamentary on the 15th April, 1843, and on the 11th December, 1843, she as executrix, pursuant to § 34, (2 *R. S.* 88,) published a notice requiring persons having claims against the estate to present the same with the vouchers, &c. at the late dwelling house of the deceased on or before the 12th June then next.

The defendant proved that the note was presented to her for payment early in December, 1843, before the publication of the no-

tice and more than six months before the commencement of the suit, and that it was disputed and rejected by her, and was not referred. The plaintiff proved that he again presented the note on the 7th June, 1844, just before the commencement of the suit, to Scott Lord, Esq. who was the attorney for the defendant for settling claims against the estate of her testator, and requested him to pay or refer the same, who said he was willing to refer, but wished to see the defendant before he made up his mind, as she thought there was something which ought to be seen by a jury ; but he promised to see her and let the attorney for the plaintiff know what she would do.

The defendant's counsel insisted that the presentment and rejection of the demand in December, and the neglect to sue in six months thereafter, was a bar to the action; but the circuit judge held the contrary, and stated, that notwithstanding such demand and rejection, the plaintiff could, after the publication of the notice, again present the note within the time therein mentioned, and that the presentment to the attorney and legal adviser of the defendant was sufficient. The defendant's counsel excepted, and the jury found a verdict for the plaintiff. The defendant moved for a new trial on a bill of exceptions.

*Lord & Bond*, for the defendant.

*Fitzhugh & Wisner*, for the plaintiff.

*By the Court*, JEWETT, J. The main question presented by this bill of exceptions is, whether the plaintiff was barred of his claim at the expiration of six months from the time he presented it to the defendant, it being disputed or rejected by her, and not referred.

The bill of exceptions states that the plaintiff presented his claim *before* the time when the defendant first published a notice requiring persons having claims against the defendant's testator to present them, &c. and that it was disputed and rejected by her, and not referred. It is insisted that under such circumstances the plaintiff is barred by the provisions of the statute.

(2 *R. S.* 89, § 38.) The 34th section, page 88, provides that, " Any executor or administrator, at any time, at least six months *after* the granting of the letters testamentary or of administration, may insert a notice once in each week for six months·in a newspaper printed in the county, and in so many other newspapers as the surrogate may deem most likely to give notice to the creditors of the deceased, requiring all persons having claims against the deceased to exhibit the same with the vouchers thereof to such executor or administrator at the place of his residence or transaction of business, to be specified in such notice, at or before the day therein named, which shall be at least six months from the first publication of such notice." The 35th section provides that, " Upon any claim being presented the executor, &c. may require satisfactory vouchers in support thereof, and also the affidavit of the claimant," &c. The 36th section provides that, " If the executor or administrator doubt the justice, of any claim so presented, he may enter into an agreement in writing with the claimant to refer," &c. The 37th section provides for proceedings in case of a reference, before the referees and before the court on the report of the referees. Then comes the 38th section, upon which the defendant relies, which provides that, " If a claim against the estate of any deceased person be exhibited to the executor or administrator and be disputed or rejected by him, and the same shall not have been referred, the claimant shall, within six months after such dispute or rejection, if the debt or any part thereof be then due, or within six months after some part thereof shall have become due, commence a suit for the recovery thereof, or be forever barred from maintaining any action therein," &c. ; obviously providing this short limitation to apply to *the* claims *so* presented, pursuant to the notice given under the thirty-fourth section. The 39th section provides, that in case a suit shall be brought upon a claim, which shall not have been presented to the executor, &c. " within six months from the first publication of the notice," such executor or administrator shall not be chargeable for any assets, &c. that he may have paid to satisfy any claims of inferior degree, legacies, or to the next of kin, before

such suit was brought, &c. The 40th section provides that the plaintiff in such action shall be entitled to recover only the amount of such assets as were in the hands of the executor, &c. at the time suit was commenced, or that he may take judgment for the amount of his claim, or any part thereof, to be levied of future assets. The 41st section contains provisions in respect to costs. The 42d section provides that any creditor who may have neglected to present his claim, may recover the same of the next of kin and legatees, to whom any assets shall have been paid or distributed.

Considering the several provisions of the statute and the order in which they stand, I do not doubt but the six months limitation provided by the 38th section applies only to bar claims presented, disputed or rejected, and not agreed to be referred, after such notice as is provided for by the 34th section shall have been given, and within the time of the running of such notice. No other defence was set up; and as it is not pretended that the claim in this case was so presented and rejected after the first publication of the notice, it follows that the defence wholly failed.

The presenting of the claim on the 7th June, 1844, to Mr. Lord, was not a compliance with the statute. The fact that he was the legal adviser of the defendant in settling claims against the estate, did not authorize him to act for the defendant under the notice. The decision of the judge, however, on that point, though erroneous, did not prejudice the defendant. It may present a question to be hereafter settled as to the right of the plaintiff to costs. In any view of the case, the defendant was not entitled to the benefit of the six months limitation. The whole defence rested upon that point.

New trial denied.