Hardy *v.* Ames.

———————

ELIZABETH HARDY, administratrix, &c. with the will an-
nexed, of Jacob Hardy, deceased, *vs.* ANN AMES and
others, executors, &c. of Simeon C. Ames, deceased.

An order of a surrogate required all persons having claims against a decedent to present the same, with the vouchers thereof, to B. at his office in C. *Held* that the order was invalid, for the reason that the statute declares the notice shall require all persons having claims against the deceased to exhibit the same, with the vouchers thereof, to the " *executor or administrator*, at the place of his residence or transaction of business."

Executors can not, in their representative capacity, appoint another person their attorney to dispute or reject claims against the estate. And an order that they publish a notice requiring the presentation of such claims to the attorney, instead of themselves, is a plain departure from the statute.

A notice, published by executors, requiring persons having claims against their testator, to exhibit the same, with the vouchers thereof, to B. at his office in, &c. is invalid for the reason that it should have required that the claims be exhibited to the executors, instead of B.

The exhibition of a claim to the legal adviser of the executor or administrator in settling claims against the estate, and his rejection of it, is not a compliance with the statute.

Hardy *v.* Ames.

The limitation, of six months, in the Revised Statues, within which an action must be brought against an executor or administrator, upon a claim which has been exhibited and rejected, is only applicable to cases where the presentment and rejection of the claim occurs after the publication of notice requiring creditors to present their claims as authorized by the statute.

An executor or administrator can not avail himself of the six months statute of limitations, unless he has strictly complied with the statute requiring him to obtain an order of the surrogate for the publication of a notice to creditors to present their claims, and has published the proper notice.

THIS was an action on a promissory note for $86.56, executed by Simeon C. Ames, deceased, payable to Jacob Hardy or bearer, and dated the 22d day of April, 1860.

The action was commenced the 24th day of December, 1864. The answer contained three defenses : 1. Payment of the note to Jacob Hardy in his life time ; 2. Counter-claims amounting to $150 ; 3. That the note had been presented to the defendants and rejected by them, and that the action was not commenced within the time prescribed by statute, after the note was so rejected.

The action was tried before a referee, who decided that the plaintiff was entitled to recover the amount due upon the note, viz : $119.22, besides costs.

After judgment was entered on the report of the referee, against the defendants, they appealed therefrom to the general term of this court.

*E. Countryman,* for the plaintiff.

*L. I. Burditt,* for the defendants.

*By the Court,* BALCOM, J. The appellant's counsel does not claim that the decision of the referee was erroneous in respect to the alleged counter-claims, or the defense of payment. But he insists that the referee erred in overruling the defense that the action was not commenced within six months after the defendants had rejected or disputed the plaintiff's claim upon the note in question.

Hardy *v.* Ames,

The order of the surrogate, respecting the publication of a notice by the defendants, requiring persons having claims against Simeon C. Ames, deceased, to present them, was dated the 2d day of February, 1863. It required all persons having claims against "the said deceased" to present the same, with the vouchers thereof, "to Luther I. Burditt, Esq. at his office in Cooperstown, &c. The order was invalid, for the reason that the statute declares the notice shall require all persons having claims against the deceased, "to exhibit the same with the vouchers thereof, *to such executor or administrator*, at the place of his residence or transaction of business." ' (2 *R. S.* 88, § 34.) The defendants could not, in their representative capacity, appoint Mr. Burditt their attorney to dispute or reject claims against the estate represented by them. And an order that they publish a notice requiring the presentation of such claims to Mr. Burditt, instead of themselves, was a plain departure from the statute.

The notice published by the defendants required persons having claims against Simeon C. Ames, deceased, to exhibit the same with the vouchers thereof, "to Luther I. Burditt, Esq. at his office in the village of Cooperstown," The notice was invalid, for the reason that it should have required that the claims be exhibited to the defendants, instead of Mr. Burditt. (2 *R. S.* 88, § 34; *Id*, 89, § 38.)

The exhibition of a claim to the legal adviser of the executor or administrator, in settling claims against the estate, and his rejection of it, is not a compliance with the statute. (*Whitmore* v. *Foose, exec'r*, 1 *Denio*, 159.) And the limitation of six months, provided by section 38 of the statutes above cited, within which an action must be brought against an executor or administrator, upon a claim which has been exhibited and rejected, is only applicable to cases where the presentment and rejection of the claim is after the publication of notice requiring creditors to present their claims, as authorized by section 34 of the same statute. (*Whitmore* v. *Foose, executor*, 1 *Denio*, 159 ; *Clark* v. *Sex-*

*ton's executors*, 23 *Wend.* 477. *Flagg* v. *Ruden*, 1 *Brad-ford.* 192.)

An executor or administrator can not avail himself of the six months statute of limitations above cited, unless he has strictly complied with the statute requiring him to obtain an order of the surrogate for the publication of a notice to creditors of the deceased to present their claims, and has published the proper notice. (*Elliot* v. *Cronks' administrators*, 13 *Wend.* 35.)

The six months statute of limitations was no defense to this action, by reason of the invalidity of the order of the surrogate for the publication of the notice to the creditors of Simeon C. Ames, deceased, to exhibit their claims, and the insufficiency of the notice to such creditors, as published. It is therefore unnecessary to examine the evidence upon the question, whether the plaintiff's claim upon the note in question was rejected or disputed, within the meaning of the statute applicable to the case, more than six months before the action was commenced.

If the foregoing views are correct, the judgment in the action should be affirmed, with costs.

Judgment affirmed with costs.

[BROOME GENERAL TERM, January 28, 1867. *Mason, Balcom* and *Boardman,* Justices.]