In the Matter of the Application of WILLIAM E. HAXTUN, a creditor of SARAH E. AKIN, deceased, for leave to mortgage, lease or sell her real estate.

The fact that a claim against the estate of a deceased person has been presented to and rejected by the executor or administrator, does not deprive the surrogate of jurisdiction to determine the validity of the claim in proceedings instituted under the Code of Civil Procedure (§§ 2750 et seq.) upon petition of the creditor to sell the real estate of the deceased.    The surrogate has jurisdiction in such a proceeding to determine the validity of all claims upon the. estate which are not already liens upon the real property, as well that of the petitioning creditor as of other creditors.

The six months' limitation within which an action must be brought against an executor or administrator upon a claim rejected by him (2 R. S. 89, § 38) does not apply to a claim presented and rejected before the amendment of the statute in 1882 (Chap. 399, Laws of 1882) where no notice to creditors was ever published by the executor or administrator.

In re Haxtun (33 Hun, 364), reversed.

(Argued March 15, 1886 ; decided April 13, 1886.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made September 12, 1884, which reversed a decree of the surrogate of the county of Dutchess, adjudging the estate of Sarah E. Akin to be in-

.debted to the petitioning creditor above named in a sum specified, and directing the sale of the decedent's real estate for the payment of her debts. (Mem. of decision below, 33 Hun, 364.)

The material facts are stated in the opinion.

*Milton A. Fowler* for appellant. A Surrogate's Court has jurisdiction to try a claim which has been disputed by an executor in a proceeding instituted by a creditor to compel the mortgaging, leasing or selling of the real estate of a decedent to pay his debts. (Code, §§ 2752, 2754, 2757, 2747, 2759; *Hopkins* v. *Van Valkenburgh*, 16 Hun, 3, note to § 2742, Throop's An. Code [ed. of 1882]; Redf. Surr. Pr. [ed. of 1881] 57, 611.) The six months' statute of limitation prescribed in section 1822 of the Code has no application to this case. (*Tucker* v. *Tucker*, 4 Keyes, 136 ; *Whitmore* v. *Foose*, 1 Denio, 159.)

*A. M. Card* for respondents. A surrogate has no jurisdiction on the petition of a creditor to try the validity or merits of his claim when disputed by the executor. (*Magee* v. *Vedder*, 6 Barb. 352 ; *Disosway* v. *Bk. of Washington*, 24 id. 60 ; *Andrews* v. *Wallege*, 17 How. 263 ; *Tucker* v. *Tucker*, 4 Keyes, 136; *Riggs* v. *Crary*, 89 N. Y. 491.)

FINCH, J. We must assume that the decree of the surrogate was reversed by the General Term for errors of law, since the order of reversal does not certify that it was based upon errors of fact. (Code, § 1337; *Matter of Will of Cottrell*, 95 N. Y. 329, 333.) The errors of law alleged are two : *first*, that the petitioner's claim was disputed by the executor, and the surrogate had no jurisdiction to determine its validity ; and *second*, that the claim was barred because no action upon it had been commenced within six months after its rejection.

It is undoubtedly the settled rule that a surrogate may not adjudicate upon a disputed claim as between the executor and the creditor upon an accounting. That rule, however, does not reach the case of a proceeding to mortgage, lease or sell the

real estate, which becomes a contest between the heir or devisee and the creditor.    That is regulated by statute, which seems to us to clearly confer the questioned jurisdiction.    Its commands are so plain and forcible that the respondent here is compelled to admit that some disputed claims may be tried by the surrogate, and to limit his contention barring the jurisdiction to a case where it is the petitioner's demand which has been rejected.    No such distinction is drawn or indicated in the statute. The Code provides for a petition as the commencement of the proceeding, and dictates by whom it may be presented. (§ 2750.)    The persons so entitled are the executor or administrator, " or a creditor of the decedent other than a creditor by a judgment or mortgage which is a lien upon the decedent's real property."    That specific class of creditors is alone excluded, and all others without limitation are permitted to institute the proceeding.    The petition is required to state " the unpaid debts of the decedent, and the name of each creditor or person claiming to be a creditor."    (§ 2752.)    If the surrogate is satisfied from the facts set forth that a resort to the real estate is necessary for the payment of debts, it is made his duty to issue a citation to the heirs or devisees, or persons claiming an interest in the property.    (§ 2754.)    Upon the return of the citation the surrogate is authorized to hear the allegations and proofs of the parties.    (§ 2755.)    A creditor of the decedent, although not named in the petition, " may present and prove his debt." The persons interested in the real estate " may contest the validity of the debt represented as existing against the decedent."    The recovery of a judgment against the executor has no other effect than that of presumptive evidence of the debt, and the heirs or devisees may resist the validity of the claim as if no judgment had been rendered upon it.    (§ 2756.)    But even if established, the costs of the judgment are to be excluded. The decree " must determine and specify the amount of each debt established before the surrogate as a valid and subsisting debt against the decedent's estate," and can only be made where " after due examination " it has been " established to the satisfaction of the surrogate," among other things, " that the debts

for the payment of which the decree is made are the debts of the decedent and are justly due." (§§ 2758, 2759.) These provisions were taken substantially from the Revised Statutes, and the compiler, in a note to section 2742, refers to "the anomaly" of a rule which on an accounting bars the trial of a disputed claim, but on a proceeding against the real estate permits it, and adds that the anomaly disappears when it is considered that in the latter case the surrogate "sits as a court of equity." Whether that explanation is altogether satisfactory need not be considered in view of the provisions of the statute, for they inevitably contemplate a determination of all claims upon the estate not already a lien. In what respect can there be the least utility in a judicial construction narrowing the language of the statute to creditors whose claims have been admitted by the executor or established in a court of law? In either event the heir or devisee may dispute them, and the executor's admission does not affect the contestant or benefit the creditor, and the judgment even merely raises a presumption which may be rebutted and so the whole question be thrown open. No authority for such a construction is furnished; for all of the cases cited by the respondent were cases on an accounting and between executor and creditor. On the other hand, in *Hopkins* v. *Van Valkenburgh* (16 Hun, 3), and *Tucker* v. *Tucker* (4 Keyes, 136), the jurisdiction of the surrogate to try a disputed claim in the class of proceedings before us was asserted directly or by clear implication. We are of opinion that the General Term erred in denying the jurisdiction of the surrogate.

The General Term also erred in holding that the six months' statute of limitations barred the plaintiff's claim. Without adverting to other reasons, it is sufficient to say that, before the amendment of 1882, it was held that the statute did not apply except to claims presented after commencement of publication by the executor of the notice to creditors ( *Whitmore* v. *Foose*, 1 Denio, 159; *Tucker* v. *Tucker*, 4 Keyes, 136); that to obviate the rule thus established the amendment, of 1882 was adopted, inserting the words " either before or " so

as to permit a presentation and effective rejection before publication (Laws of 1882, chap. 399); but by section 2 of the same chapter this amendment is not to apply to cases in which letters had been issued before the adoption of the act; that the letters in this case were issued in 1879 and the presentation of the claim itself was before the amendment was adopted; and no notice to creditors was ever published by the executor.

These are the only errors of law relied on by the General Term and do not justify the reversal. Other alleged errors have been examined but do not require discussion.

The order of the General Term should be reversed and the decree of the surrogate affirmed, with costs.

All concur.

Order reversed and decree affirmed.