Dench, J.
We must assume that the decree of the surro-' gate was reversed by the general term for errors of law,, since the order of reversal does not certify that it was based upon errors of fact. Oode, § 1337; In re Will of Cottrell,. 95 H. T., 333. The errors of law alleged are two:
First. That the petitioner’s claim was disputed by the executor, and the surrogate had no jurisdiction to determine its validity; and,
Second. That the claim was barred because no action upon it had been commenced within six months after its-rejection.
It is undoubtedly the settled rule that a surrogate may not adjudicate upon a disputed claim as between the executor and the creditor upon an accounting. That rule, however, does not reach the case of a proceeding to mortgage, lease, or sell the real estate which becomes a contest between, the heir or devisee and the creditor. That is regulated by-statute, which seems to us to clearly confer the questioned, jurisdiction. Its commands are so plain and forcible that-the respondent here is compelled to admit that some disputed claims may be tried by the surrogate, and to limit his-contention, barring the jurisdiction, to a case where it is the. *165 petitioner’s demand which has been rejected. No such distinction is drawn or indicated in the statute. The Code provides for a petition as the commencement of the proceeding, and dictates by whom it may be presented. Section 2750. The persons so entitled are the executor or administrator, “or a creditor of the decedent other than a creditor by a judgment or mortgage which is a lien upon the decedent’s real property.” That specific class of creditors is alone excluded, and all others, without hmitation, are permitted to institute the proceeding. The petition is required to state “the unpaid debts of the decedent, and the name of each creditor or person claiming to be a creditor.” Section 2752. If the surrogate is satisfied, from the facts set forth, that a resort to the real estate is necessary, for the payment of debts, it is made his duty to issue a citation to the heirs -or devisees or persons claiming an interest in the property. Section 2754. Upon the return of the citation the surrogate is authorized to hear the allegations and proofs of the parties. Section 2755. A creditor of the decedent, although not named in the petition, “may present and prove his ■debt.” The persons interested in the real estate “may contest the validity of the debt represented as existing against the decedent.”
The recovery of a judgment against the executor has no other effect than that of presumptive evidence of the debt, and the heirs or devisees may resist the validity of the claim as if no judgment had been rendered upon it. Section 2756. But, even if established, the costs of the judgment are to be -excluded. The decree “must determine and specify the amount of each debt estabHshed before the surrogate as a vaHd and subsisting debt against the decedent’s estate,” and can only be made where, “after due examination,” it has been “ estabHshed to the satisfaction of the surrogate,” among other things, “that "the debts for the payment of which the decree is made are the debts of the decedent and are justly due.” Sections 2758, 2759. These provisions were taken substantiaHy from the Bevised Statutes, and the compiler, in a note to section 2742, refers to “the anomaly” of a rule which on an accounting bars the trial of a disputed claim, but on a proceeding against the real estate permits it; and adds that the anomaly disappears when it is considered that, in the latter case, the surrogate “sits as a court of equity.” Whether that explanation is altogether satisfactory need not be considered, in view of the provisions of the statute, for they inevitably contemplate a determination of aH claims upon the estate not already a Hen. In what respect can there be the least utiHty in a judicial construction narrowing the language of the statute to creditors whose •claims have been admitted by the executor or estabHshed in *166 a court of law? In either event the heir or devisee may dispute them, and the executor’s admission does not affect, the contestants, or benefit the creditor, and the judgment, even, merely raises a presuption which may be rebutted, and so the whole question be thrown open. No authority for such a construction is furnished; for all of the cases cited, by the respondent were cases on an accounting, and between, executor and creditor. On the other hand, in Hopkins v. Van Valkenburg, (16 Hun, 3,) and Tucker v. Tucker, (43 N. Y., 136,) the jurisdiction of the surrogate to try a disputed claim in the class of proceedings before us was asserted directly or by clear implication. We are of opinion that the general term erred in denying the jurisdiction of the surrogate.
The general term also erred in holding that the six-months, statute of limitations barred the plaintiff’s claim. Without adverting to other reasons,, it is sufficient to say that, before the amendment of 1882, it was held that the statute did not apply except to claims presented after commencement of' publication by the executor of the notice to creditors, Whitmore v. Foose, (1 Denio, 159;) Tucker v. Tucker, (43 N. Y., 136;) that to obviate the rule thus established the amendment of 1882 was adopted, inserting the words “ either before or,” so as to permit a presentation and effective rejection before publication, (Laws 1882, chap. 399;) but by section 2 of the same chapter this amendment is not. to apply to cases in which letters had been issued before the adoption of the act; that the letters in this case were issued in 1879, and the presentation of the claim itself was before the amendment was adopted; and no notice to creditors was. ever published by the executor.
These are the only errors of law relied on by the general term, and do not justify the reversal. Other alleged errors have been examined, but do not require discussion. The order of the general term should be reversed; and the decree-of the surrogate affirmed, with costs.