In the Matter of the Petition of MALINDA WHEELER for a Decree Revoking Letters of Administration Granted to JOHN GILLINGHAM on the Estate of SARAH ANN GILLINGHAM, Deceased.

*A surrogate's Court has jurisdiction to determine whether a person petitioning for the removal of an administrator is a creditor.*

Where an application for the removal of an administrator is made by a person who alleges in the petition that he is a creditor of the decedent, and this allegation is denied by the administrator, the Surrogate's Court has jurisdiction to try and determine the issue so raised.

Appeal by the petitioner from an order of the Surrogate's Court of Niagara county dismissing the petition.

*Henry M. Davis*, for the petitioner, appellant.

*David Millar*, for the respondent.

Bradley, J.:

The petition was dismissed upon the objections taken by the administrator, to the effect: 1. That the surrogate has no power to determine that the petitioner was a creditor. 2. That it has no power to compel the administrator to embrace in the inventory property which he denies belongs to the estate of the decedent. 3. That no sufficient ground of the revocation of the letters of administration is stated in the petition. The last two grounds seem to require no consideration further than to say that the proceeding is not taken to compel the insertion of any property in the inventory, and that the allegations are such as to permit evidence in support of them of a character to justify the relief in view. (Code Civ. Pro., § 2685, sub. 2.)

The petitioner alleges that she is a creditor of the estate of the decedent, and as such takes this proceeding. The answer of the administrator denies that the petitioner has the relation of creditor. In a proceeding which has for its purpose the direction for payment, by an executor or administrator, of a claim alleged to be due the petitioner, the denial of its validity or legality by the answer of such representative defeats the jurisdiction of the Surro-

gate's Court to determine the issue, and the petition must. be dismissed. (Code Civ. Pro., §§ 2717, 2718; *Hurlburt* v. *Durant*, 88 N. Y., 121.) This proceeding is not taken for nor does it involve any such purpose; but although the right to support it rests upon the fact that the petitioner is a creditor, it is instituted under the statute which enables a creditor to move upon petition for such relief (Id., § 2685); and for that purpose, to render the provisions of that section effectual to support the proceeding, the Surrogate's Court must necessarily have the power to determine the issue going to the relation of the petitioner, as creditor, else a creditor would be powerless to protect the estate against the improvidence or misconduct of an administrator in the manner provided by this statute. The rule and its reason, as applied to a proceeding like this, are well stated in *Susz* v. *Forst* (4 Dem., 346). The objection going to the jurisdiction, founded upon the denial of the validity or legality of the claim of an alleged creditor, is applicable only to a proceeding having within its purpose the determination of a disputed claim as between the creditor and the representative, and is not extended to other proceedings in Surrogate's Court provided for by the statute. (*Matter, etc., of Haxtun*, 102 N. Y., 157.) There is no fair opportunity appearing to conclude that the petition was dismissed for want of proofs in support of the allegations of the petition. It quite clearly appears that the dismissal was wholly upon the objections before referred to. By the views here given there is no purpose to indicate to any extent the character or sufficiency of evidence required to justify or permit the granting of the prayer of the petition.

The conclusion is that it was improperly dismissed upon the objections taken. The order should, therefore, be reversed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, payable out of the assets in the hands of the administrator.