SNELL *v.* DALE.

*(Supreme Court, General Term, Fourth Department. February, 1892.)*

1. CLAIMS AGAINST DECEDENTS—LIMITATIONS AGAINST—NOTICE FOR PRESENTATION.

Under Code Civil Proc. § 1822, which provides that where an executor rejects a claim against the estate of the decedent, exhibited to him "before or after" the commencement of the publication of a notice requiring the presentation of claims as prescribed by law, unless the claim is referred as prescribed by law, the claimant must sue within six months after the rejection, the statute begins to run from the time of rejection of a claim, though the executor has given no prior notice for presentation thereof.

2. SAME—WAIVER—ORAL AGREEMENT OF ATTORNEYS.

Under 2 Rev. St. p. 88, § 36, providing that, if an executor doubt the justice of any claim presented, he may enter into an agreement, "in writing," with the claim-

ant, to refer the matter, an oral agreement, by the attorneys of an executrix and a claimant, that there shall be a reference, does not amount to a waiver of the statute of limitations.

3. SAME—WAIVER—WHAT CONSTITUTES AGREEMENT.

Oral negotiations between the attorneys relative to a reference, and an offer by the attorney for the executrix to refer the claim, do not constitute an agreement to waive the statute.

Appeal from circuit court, Jefferson county.

Action by James Snell against Loretta A. Dale, as executrix of Hannah Dewey, deceased, to enforce a claim against deceased. The complaint was dismissed. Plaintiff appeals. Affirmed.

This action was to recover for board alleged to have been furnished by the appellant to the respondent's testatrix from June 16 to July 16, 1883, and from November 8, 1883, to January 28, 1884. She died January 28, 1889, leaving a last will and testament, in which the respondent was named as sole executrix. The will was admitted to probate, and letters testamentary issued to the respondent, May 7, 1889. On January 28, 1890, the appellant presented to the respondent, as such executrix, the claim which was the basis of this action. On the 12th of February, 1890, the respondent rejected the claim in writing as follows:

"To James Snell, Esq.: You will please take notice that I doubt the justice and validity of your claim of $50.06 against the estate of Hannah Dewey, deceased, and I hereby reject and dispute the same, and offer to refer it under the statute to some suitable and proper person as referee, to be appointed by the surrogate.　　　Yours,　　　　MRS. LORETTA DALE,

"Executrix of the Last Will and Testament of Hannah Dewey, Deceased."

After the rejection of appellant's claim, the attorneys for the parties had several negotiations in regard to referring it, which were continued from time to time, until more than six months after its rejection. On the 12th day of December, 1890, and more than six months after the claim was rejected, the appellant served upon George S. Hooker the following offer to refer:

"To George S. Hooker, Esq., Attorney for Loretta Dale, Executrix of Hannah Dewey, Deceased: I hereby offer to refer the within claim to any respectable attorney as referee of your own selection, whom the surrogate of Jefferson county will approve, and who is not disqualified on account of relationship, and free from bias; and, upon your refusal to so refer for a further reasonable time, I shall prosecute such claim by action.

"Yours, etc.,　　　　　　　　　　　　JAMES SNELL.
"December 12, 1890.　　　　　　　By W. A. NIMS, His Attorney."

After the service of this notice, and on the 24th day of January, 1891, this action was commenced. The respondent set up in his answer the six-years statute of limitations, and also the short statute of limitations. On the trial, at the close of the appellant's case, the court held that his claim was barred by the short statute of limitations, and ordered the complaint dismissed, with costs.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

W. A. Nims, for appellant. George S. Hooker, for respondent.

MARTIN, J. The appellant contends that the court erred in holding that the short statute of limitations was a bar to this action, and in dismissing the complaint upon that ground. He contends that, in order to set the short statute of limitations running, it was necessary that the executor should publish a notice requiring the presentation of claims; that such presentation should be in pursuance thereof; and that the statute does not apply where such notice has not been published. Under the Revised Statutes, it was held that this limitation was applicable only to cases where the presentation and rejection of the claim occurred after the publication of notice requiring creditors to present their claims against the estate. Whitmore v. Foose, 1 Denio,

159; *Tucker* v. *Tucker*, 4 Keyes, 136. Under the Code as originally passed, and as it stood until the amendment of 1882, the rule was the same; but the amendment of 1882 was clearly intended to obviate that rule, as that section now provides that where a claim is exhibited to an executor or administrator either before or after the commencement of the publication of a notice, and he disputes or rejects it, an action thereon will be barred, unless commenced within six months after such dispute or rejection. It was, in effect, so held in *Re Haxtun*, 102 N. Y. 157, 6 N. E. Rep. 111. In delivering the opinion of the court in that case, FINCH, J., said: "Before the amendment of 1882, it was held that the statute did not apply, except to claims presented after commencement of publication by the executor of the notice to creditors, [*Whitmore* v. *Foose, Tucker* v. *Tucker;*] that, to obviate the rule thus established, the amendment of 1882 was adopted, inserting the words 'either before or,' so as to permit a presentation and effective rejection before publication." The publication of such a notice is for the protection of the executor or administrator, and there is no absolute legal obligation to give it at all. *Fliess* v. *Buckley*, 90 N. Y. 287. We are of the opinion that under the Code, since the amendment of 1882, a publication by the executor of notice requiring the presentation of claims is not necessary to set in motion the limitation provided for by section 1822.[1]

The appellant also contends that, if the statute commenced to run upon the rejection of his claim, the respondent has waived his right to insist upon the bar thereof by reason of the oral negotiations which took place between the attorneys for the parties. In other words, he claims that the appellant was estopped by the conduct of her attorney from setting up the bar of this statute. The most that could possibly be claimed to be established by the evidence in this case is that, after the appellant's claim was rejected by the respondent, there were oral negotiations between the attorneys for the parties, whereby the appellant's attorney understood that the claim would be referred. A fair construction of the evidence would hardly justify even that claim. The evidence shows that the appellant's attorney was willing to refer and discussed the matter with the respondent's attorney, who agreed to see his client as to the matter, but failed to do so until more than six months had elapsed, and until after the appellant had offered in writing to refer the claim, when the respondent's attorney refused to refer. We find nothing in the cases cited by the appellant that would justify us in holding that what occurred between the attorneys of the parties amounted to a waiver, or estopped the respondent from insisting upon the short statute of limitations. A mere offer to refer by an executor after an unqualified refusal to pay will not waive the statute. *Bank* v. *Speight*, 47 N. Y. 668; *Cornes* v. *Wilkin*, 79 N. Y. 129. In this case there is no doubt but the appellant's claim was positively rejected by the respondent more than six months before this action was commenced, and it must have been so understood by the appellant. There was talk between the attorneys about a referee, but no agreement was consummated.

Even if there was an understanding that the matter should be referred, there was no agreement to that effect, either oral or in writing. The statute[2] requires such an agreement in writing. Under the circumstances developed by the evidence in this case, we think the appellant's claim was barred by the

[1] Code Civil Proc. § 1822, provides: "Where an executor or administrator disputes or rejects a claim against the estate of the decedent, exhibited to him either before or after the commencement of the publication of a notice requiring the presentation of claims as prescribed by law, unless the claim is preferred as prescribed by law, the claimant must commence an action for the recovery thereof, against the executor or administrator, within six months after the dispute or rejection," etc.

[2] 2 Rev. St. p. 88, § 36, provides: "If the executor or administrator doubt the justice of any claim so presented, he may enter into an agreement, in writing, with the claimant, to refer the matter," etc.

provisions of section 1822, and that the court properly dismissed the complaint. Judgment affirmed, with costs.

HARDIN, P. J., concurred. MERWIN, J., dissented.