BERNARD WINTERMEYER, Respondent, *v.* MARY E. SHERWOOD, as
Executrix, etc., of HENRY A. SHERWOOD, Deceased, Appellant.

*Claim against an estate — rejection of part thereof — rejection by the attorney — short
Statute of Limitations — publication of notice to creditors — as to what claim, unnec-
essary — finding against evidence — giving a check does not import a loan.*

In case a claim which consists of independent items is presented to the repre-
sentative of a decedent, one item may be admitted and the remainder rejected,
so as to set the short statute running as to the items rejected.

The object of the publication of a creditors' notice by executors or administrators
is to advise claimants when and where claims may be presented, and to enable
estates to be promptly settled, and to protect their representatives in payments
which may be made, and when a claim has been presented and rejected
there is no occasion for a notice to the creditor who has presented it, and the short
statute begins to run as to it, although no notice to creditors has been published.

Where upon the trial of an action brought against an executrix three witnesses,
not interested in the result thereof, testified that the items embraced in the
cause of action were disputed or rejected by the attorney of the defendant
more than six months before the action was commenced, and but one witness,
the plaintiff, testified to the contrary, and he admitted that the defendant
refused to pay the same, and returned to him his claim with his vouchers more
than six months before the action was begun, a finding that such items were
not disputed nor rejected six months before the commencement of the action,
is against the weight of the evidence.

When the representative of an estate directs an attorney to reject a particular
claim, the rejection thereof by the attorney on behalf of the representative is as
effectual as though the representative had personally notified the claimant of
the rejection.

The presentment and rejection of a second claim containing items similar to those
of a prior claim is not a waiver of any rights acquired by the first rejection,
and lapse of time thereafter.

It is error upon the trial of an action for the referee before whom the same was
tried to assume that the giving of a check imported a loan.

APPEAL by the defendant, Mary E. Sherwood, as executrix, etc.,
of Henry A. Sherwood, deceased, from a judgment of the Supreme
Court in favor of the plaintiff, entered in the office of the clerk of
the county of New York on the 8th day of November, 1893, upon
the report of a referee, and also from an order entered in said
clerk's office on the 15th day of November, 1893, granting costs and
allowances to the plaintiff.

This action was begun November 18, 1891, to recover $1,448,
with interest from June 1, 1890, alleged to have been paid out by

the plaintiff at the request and for the benefit of defendant's testator, between January 1, 1890, and June 1, 1890, and $3,921.32, with interest from May 17, 1890, alleged to have been loaned by the plaintiff to defendant's testator between January 8, 1889, and May 17, 1890. The money paid out is alleged as the first cause of action, and the money loaned as the second cause of action. The defenses interposed in the answer are (1) a general denial, (2) payment, (3) the short Statute of Limitations, section 1822 of the Code of Civil Procedure.

On the 1st of June, 1890, Henry A. Sherwood died, leaving a last will and testament, which was duly probated August 1, 1890, and letters testamentary were issued thereon to the defendant, who immediately entered upon the discharge of her duties. The referee found that the items embraced in the first cause of action were not paid for the testator's benefit, but were expended by the plaintiff in the reparation of two houses owned by him. The referee found in respect to the second cause of action that at various dates between April 14, 1889, and April 22, 1890, the plaintiff drew fourteen checks to the testator's order, amounting to $2,261.70, which were indorsed by him or by his directions, and were paid to him as loans from the plaintiff to the testator. The referee rejected fifteen of the items, amounting to $1,599.62. It is stated in the complaint that the items of the second cause of action amount to $3,921.32, but the items in the bill of particulars of that cause of action amount only to $3,861.32, so that the items established and rejected equal the amount of the bill of particulars. The referee also found that between June 10, 1889, and May 16, 1890, defendant's testator paid the plaintiff $1,275, which, being deducted from $2,261.70, leaves $986.70 due the plaintiff, besides $231.86 interest, amounting to $1,218.56, for which a judgment was ordered, and entered, with costs.

*James R. Marvin,* for the appellant.

*Joseph C. Rosenbaum,* for the respondent.

FOLLETT, J.:

The plaintiff's second cause of action embraces twenty-nine independent items for money loaned on different dates, every one of which is contained in claim No. 1, Exhibit C, presented by the

plaintiff to the defendant in September or October, 1890. This claim also included a promissory note for $500 given by the testator to some person other than the plaintiff (which he had acquired), and other items not embraced in claim No. 2, which was presented September 30, 1891. It is undisputed that in October or November, 1890, the defendant offered to pay the note and afterwards did pay it, but refused to pay the other items of the claim. Notwithstanding the refusal to pay these items the referee refused to find the following request preferred by the defendant:

"Seventh. After the production of those checks, Mr. Marvin, in behalf of the defendant and by her instructions, in the fall of 1890, informed the plaintiff personally that defendant, as executrix aforesaid, rejected his claim and refused to pay it, and the claim was then disputed and rejected by defendant."

Construing this refusal by the referee's opinion, as this court may, it is plain that the request was refused on the theory that part of the claim could not be admitted and paid and the remainder of the items rejected so as to set the short statute running as to items so rejected. The referee said in his opinion:

"The facts, so far as they relate to the short Statute of Limitations, are in substance as follows: In or about September, 1890, the plaintiff presented an account, unverified and without vouchers, to James R. Marvin, who was the attorney and counsel of the defendant and the estate she represented. Thereafter Mr. Marvin asked the plaintiff if he had any vouchers. In response to this inquiry the plaintiff produced a number of checks and left them with Mr. Marvin. Included in this original claim of the plaintiff was a note for $500, which has become known in the case as the 'Hopfner' note. Some time in October, 1890, Mr. Marvin informed the plaintiff that he could do nothing with the account; that the defendant disputed and rejected it. At the same time it appears that Mr. Marvin informed the plaintiff that the defendant would pay the Hopfner note. * * *

"The difficulty in this case, so far as the defendant is concerned, is, that the whole claim originally presented was not rejected or disputed, the defendant conceding a part of it to be just, and offering at all times to pay it. To invoke the statute as to the original claim the defendant should have absolutely disputed and rejected

the whole claim and then left the plaintiff to such remedy as he might see fit to pursue, and she should not on the second presentation of a claim have entertained it at all and again rejected it. Not having done so, and having testified to a willingness at all times, down to the presentation of the claims in September, 1891, to pay the $500 note included in the first claim presented in 1890, the time within which the action might be brought had not run when the action was commenced."

The conclusion of law of the referee follows the opinion, and holds that the statute did not begin to run until September 30, 1891. The holding that in case a claim which consists of independent items is presented to the representative of a decedent that one item cannot be admitted and the remainder rejected, so as to set the short statute running as to those rejected, does not seem to this court to be sound. Such a rule would be inconvenient to claimants and to representatives, and would often prevent the former from being promptly paid demands conceded to be just, and, on the other hand, would expose estates to suits which could be defended only in part. If some of the independent items of a claim cannot be admitted and paid and others rejected, so as to set the statute running as to the latter, the final settlement of estates can be indefinitely postponed by the presentation of claims partly just and partly unjust which would necessarily delay final settlements until the six years' statute had applied as a bar to the rejected claims, and defeat the very purpose of the short statute which was passed to facilitate the early settlement of decedents' estates. The record does not show whether the defendant has or has not published a notice to creditors to present their claims, and it was held in *Salomon* v. *Heichel* (4 Dem. 176) that, under section 1822 of the Code of Civil Procedure, the short statute does not run against a rejected claim unless the notice to present claims has been published. This seems to us to be a misconstruction of the section. The object of the publication of a creditor's notice is to advise claimants when and where claims may be presented, and to enable estates to be promptly settled and their representatives protected in payments which may be made. If this section is to be literally construed the statute would not run against a claim presented while a creditor's notice was being published. It reads: " Where an executor or administrator disputes or rejects a

claim against the estate of the decedent, exhibited to him *either before or after the commencement of the publication of a notice* requiring the presentation of claims." When a claim has been presented and rejected there is no occasion for a notice to that creditor, and the short statute begins to run as to it though no notice has been published. (*Field* v. *Field*, 77 N. Y. 294; Code Civ. Proc. § 1822.) Three witnesses not interested in the result of this action testified that the items embraced in the second cause of action were disputed or rejected by the attorney of the defendant more than six months before this action was begun, and but one, the plaintiff, testified to the contrary, and he admitted that the defendant refused to pay those items and returned to him his claim with his vouchers more than six months before the action was begun. It seems to this court that the finding that the items recovered in this action were not disputed nor rejected in October or November, 1890, is against the weight of evidence, and that a new trial should be had to the end that it may be found not merely whether or not the entire claim originally presented was rejected, about which there is no dispute, but whether any or all of the items which this action is brought to recover were disputed or rejected in October or November, 1890. When the representative of an estate directs an attorney to reject a particular claim, as in the case at bar, the rejection by the attorney for the representative is as effectual as though the representative had personally notified the claimant of the rejection. (*Selover* v. *Coe*, 63 N. Y. 438.) The presentment and rejection of the second claim on the 30th of November, 1891, more than six months after the rejection of some of the items in the first one, was not a waiver of any rights acquired by the first rejection and the lapse of time.

The judgment should be reversed on the law and the facts, with costs to the appellant to abide the event, and a new trial ordered before a referee, to be appointed by the court upon the entry of the order anew.

O'BRIEN, J., concurred.

VAN BRUNT, P. J.:

I concur and think that the judgment should also be reversed because the referee assumed that the giving of a check imported a

loan. Sternfeld's evidence is conclusively shown to be utterly unreliable. The referee also erred in granting costs.

Judgment reversed on the law and the facts, with costs to appellant to abide event, and new trial ordered before a referee to be appointed by the court upon the entry of the order hereon.