(66 App. Div. 478.)

### In re CAMPBELL'S ESTATE.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

ESTATE OF DECEDENT—SALE TO PAY DEBTS—PETITION—RIGHT TO ANSWER.

    Under Code Civ. Proc. §§ 2749–2801, the right to object and answer the petition of a creditor to procure the sale of the property of a decedent to pay debts is given only to the husband, wife, heirs, devisees, and persons claiming under them, and a creditor should not be allowed to answer.

Appeal from order of surrogate, New York county.

Proceedings on the application of a creditor to procure the sale of property of William Campbell, deceased, to pay debts. From an order permitting another creditor to file an answer and objections, the petitioning creditor appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry B. Johnson, for appellant Heroy.

John McC. Goodale, for respondents.

O'BRIEN, J. This proceeding was brought by a creditor to procure the sale of decedent's property to pay debts. It was initiated some years ago, is still pending and undetermined, and another creditor has made an application to be allowed to intervene and to file an answer and objections. The surrogate granted the application, and from that part of the order which permits the creditor to file answer and objections this appeal is taken.

With respect to the relief that could be accorded, we find no warrant for allowing any other or greater relief than to permit the new creditor to intervene, the surrogate having no authority to grant leave in addition to file answer and objections. The only purpose that could be accomplished by such permission would be to enable this creditor to contest the necessity of the proceeding

or defend against it; but such right under the Code is given only to the husband, wife, heirs, devisees, and persons claiming under them. Code Civ. Proc. §§ 2749–2801. Although creditors may also be parties, it is only for the purpose of presenting and proving their debts and contesting other claims. Without referring in detail to all the provisions of the Code of Civil Procedure which sustain these conclusions, it is necessary only to mention specifically section 2755, which relates to the hearing, and shows that, while a creditor "may present and prove his debt or lien, and thus make himself a party to the special proceeding," this is the extent of his rights; and from what follows in the same section it will be seen that it is only the persons named, other than creditors, who can interpose an answer and file objections for the purpose of contesting the necessity of the proceedings or of making a defense to them. An examination of the cases relied upon by the respondent are not authority for the contrary view, and the surrogate having, therefore, been without power to grant the leave to file answer and objections, so much of the order as attempts to confer such right cannot stand.

The appeal being from that part of the order, the order must, in the respects mentioned, be reversed, with $10 costs and disbursements, and to the extent that the creditor asks leave to file answer or objections his application should be denied. All concur.

---

(66 App. Div. 605.)

BRAUER v. OCEANIC STEAM NAV. CO., Limited.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

Appeal from trial term, New York county.