(68 Misc. Rep. 270.)

### In re RIDER'S ESTATE.

(Surrogate's Court, Oneida County.  June, 1910.)

1. SUBROGATION (§ 10*)—EXECUTORS AND ADMINISTRATORS—PAYMENT OF CLAIMS WITH PRIVATE FUNDS—SUBROGATION.

> No person can make himself a creditor of another by voluntarily discharging a duty which belongs to that other, and no debts can be implied in law from a voluntary payment of the debt of another, and hence, where an administratrix voluntarily discharged with her own funds debts of decedent, she did not become subrogated to the rights of the creditors, and could not assert their claims in proceedings for sale of decedent's realty for payment of his debts.

> [Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 32; Dec. Dig. § 10.*]

2. MONEY PAID (§ 1*)—RECOVERY.

> Money voluntarily paid out by one for another cannot be recovered back, but, to support such an action, a request of the person benefited to make such payment either expressly, or fairly to be implied from the circumstances, must be proved.

> [Ed. Note.—For other cases, see Money Paid, Cent. Dig. § 1; Dec. Dig. § 1.*]

Proceedings to sell realty to pay debts of Margaret Rider, deceased. Certain claims against estate disallowed.

C. G. Irish, for Ella Rider Theeringer, administratrix.
A. S. Malsan, for William S. Cobb, creditor, and others.

SEXTON, S.  On the return of the citation in a proceeding to sell real estate for payment of debts, a cited creditor, William S. Cobb, objected to the allowance of the following claims: School tax, $8.73, Whitesboro Waterworks, $19, J. L. Pickett. $44.65, corporation tax, $19.48, C. C. Boff, $10.50, Ella R. Theeringer, $333, Margaret Rider, $333, and William F. Rider, $333, on the ground that said claims are not valid claims against this estate.

In a proceeding of this character, the rights of creditors are confined, after becoming parties, to presenting their claims, or objecting to those of other creditors.  Code Civ Proc. § 2755; Matter of Campbell, 66 App. Div. 478, 73 N. Y. Supp. 290.  In this proceeding the surrogate has jurisdiction to determine the validity of all claims against the estate.  Matter of Haxtun, 102 N. Y. 157, 6 N. E. 111.  Upon the trial the claims of J L. Pickett, C. C. Boff, corporation tax, and school tax were disallowed by consent, and the claim of Whitesboro Water works was allowed by consent at $17.88, so that the only question to be determined is whether the said claims of Ella R. Theeringer, Margaret and William F. Rider, who are the children of the deceased, are valid claims against the estate.

The evidence shows that said Ella R. Theeringer, the administratrix, and her said brother and sister, received $1,000 from insurance upon the life of their mother, which they shared equally and all of which they pooled to pay off a real estate mortgage and two promissory notes, matured obligations of the deceased.  They now seek reimbursement

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

out of the estate on the theory that by paying these claims they succeeded to the rights of the creditors of the estate whose claims they had paid.

It is claimed by the contestant that all of these payments were voluntary and cannot be recovered back, and that this estate cannot be charged with the amount so paid.

The administratrix testified that she personally paid the mortgage with the equal contributions of herself, brother, and sister and took a satisfaction of the same; that in the same manner she paid two notes; and that no demand or request of any kind had been made upon her, or at all, for payment of any of these obligations of the estate. These obligations of the estate were not paid by the administratrix, as such, but by her as an individual, acting for herself and brother and sister. No assignment of the mortgage and notes so paid was taken by her. She took a satisfaction of the mortgage and had it recorded and a receipt for the payment of one of the notes, and never has had the note. These were all obligations of this estate held by creditors. It was the duty of the representative of this estate to pay these claims as such out of estate property. By voluntarily discharging the duty of this estate, by individually paying claims against this estate, such a person cannot thereby become a creditor of this estate. "No person can make himself a creditor of another by voluntarily discharging a duty which belongs to that other to perform, and no debt can be implied in law from a voluntary payment of the debt of another." First Nat. Bank of Ballston Spa. v. Board of Suprs., 106 N. Y. 488, 13 N. E. 439.

It is an elementary principle in such actions that money voluntarily paid out by one for another cannot be recovered back. 1 Pars. Con. 471 et seq. In order to support such an action, it is essential that a request on the part of the person benefited to make such payment, either expressly or fairly to be implied from the circumstances of the case, must be proved. Add. Cont. 1055; Wright v. Garlinghouse, 26 N Y. 539; Wellington v. Kelly, 84 N. Y. 546; City of Albany v. McNamara, 117 N. Y. 168, 22 N. E. 931, 6 L. R. A. 212; Matter of Hotchkiss, 44 App. Div. 615, 60 N. Y. Supp. 168.

I therefore hold and decide that the payment of claims against this estate by Ella R. Theeringer, Margaret Rider, and William F. Rider were voluntarily made, hence are not legal claims against this estate, and are disallowed.

Decreed accordingly.